PRATTE *et al.*, Appellants, v. COFFMAN'S EXECUTOR, Respondent.

1. A devise of land will carry with it a crop growing thereon at the death of the testator unless the testator otherwise directs.

2. A testator devised a plantation to three grand-children; he then proceeded to direct the sale by the executor of certain real estate, "also all the perish-

able part of my estate, such as horses, mules, cattle of every description, plantation tools, household and kitchen furniture, crops on hand, and all other personal property not herein otherwise disposed of," &c. *Held*, that a crop growing on said plantation at the death of the testator passed to the devisees and not to the executor.

*Appeal from Ste. Genevieve Circuit Court.*

This was a cause submitted to the circuit court upon an agreed statement of facts. Joseph Coffman died leaving a last will and testament, by which, among many other devises, he devised a plantation known as the Bellefontaine tract to his three grand-children, Mary, Joseph and Bernard Pratte. At the time of the testator's death there was a crop of wheat growing on said plantation. By the ninth clause of the will it was provided as follows: " It is my will and desire that my executor hereinafter named shall sell the interest I own in the mill property of Hormie & Coffman, with the lands adjoining, and also the interest I bought under two sheriff's sales in certain land sold as the property of Thomas Madden, jr., son of Richard Madden, deceased; also all the perishable part of my estate, such as horses, mules, cattle of every description, plantation tools, household and kitchen furniture, crops on hand, and all other personal property not herein otherwise disposed of; to receive and collect the proceeds of said sales, together with all other sums of money which may be due me by bond, account or otherwise at the date of my decease; and all sums of money on hand; and, so soon thereafter as sufficient sums shall be received for that purpose, that he pay the specific legacies above given, with interest from the date of my decease." The executor appropriated and converted to his own use the said crop of wheat. The court gave judgment upon the agreed case for defendant.

*Noell*, for appellants.

I. By " crops on hand" is not meant growing crops. The growing crop passed to the devisees. (1 Williams on Ex'rs, 600; McIlvaine v. Harris, 20 Mo. 457.)

*Scott & Watkins* and *B. A. Hill*, for respondent.

I. The growing crop of wheat passed to the executor. The devise did not carry with it the standing crops growing upon the premises at the time of the testator's death. (See West v. Moore, 8 East, 339; Cox v. Godsalve, 6 East, 602; Seabrook v. Williams, 3 McCord, 371; Penhallow v. Dwight, 7 Mass. 34; Taylor v. Bond, 1 Busbee, N. C. 5; 5 Barn. & Ad. 105; Roberts v. Barker, 1 Crom. & Mees. 809; Evans v. Roberts, 5 B. & Cr. 829; 1 Williams on Ex'rs. 456.)

SCOTT, Judge, delivered the opinion of the court.

On general principles a devise of land carries with it the crops growing upon it. If the devisee is entitled to the crop as against the heir, it is because it is considered as a part of the realty and goes along with it. In the case of McIlvaine v. Harris, 20 Mo. 457, it was held that a growing crop of wheat was an interest in land. As between the executor and heir, growing crops may be personalty; but, as between heir or executor and devisee, they are deemed a part of the realty. It is clear, then, that by the devise the growing crop passed along with the land and must remain with it, unless the testator has otherwise directed, which it is admitted that it was competent to him to do. The clause in the will on which the defendant relies directs the executor " to sell all the perishable part of the estate, such as horses, mules, cattle of every description, plantation tools, household and kitchen furniture, crops on hand, and all other personal property not herein otherwise disposed of." The tract of land devised to the plaintiffs was a considerable distance from the homestead of the testator, where he had a large estate. It is clear that all the words of the will may be satisfied without taking the crop growing on the land devised. There may at the same time belong to a person a crop on hand and a growing crop. The words " other personal property" show what the testator had in his mind. By employing the terms " other personal property" he conveyed the idea that

all the property before enumerated was personal property.
He directs, too, that all his perishable property be sold, and
enumerates it in part, in which enumeration are " crops on
hand." It is not usual to denominate growing crops as per-
ishable property. But " crops on hand," or which have been
gathered, may be so termed with the strictest propriety of
language. If the testator regarded the crop growing on the
land devised as personal property, which he must have done
if it is embraced in the words of the clause above cited, then
he did not intend to give it to the executor, because he willed
to him only the personal property not herein otherwise dis-
posed of. If he regarded it as realty it did not pass, for he
only gives the executor the personal property. The case
mostly relied on by the defendant is that of West v. Moore,
8 East, 341. There the testator devised estates in fee to one,
and to his executor all his money, stock upon his farm, with
the implements of husbandry, and all other his personal
estates of what nature or kind soever. It was held that the
crop growing upon the estates passed to the executor. This
case only shows how differently the words " stock on a farm"
are understood in England and among us. In construing a
Missouri will, would it ever have entered into the head of
man to conceive, unless he had accidentally read the case
referred to, that by the words " stock on a farm" the testa-
tor intended to pass a growing crop ? The reasoning of Lord
Ellenborough in that case is favorable to the plaintiffs. He
says, in the testator himself, the standing corn, though
part of the realty, subsists for some purposes as a chattel
interest, which goes on his death to his executors as against
the heir, though as against the executors it goes to the devi-
see of land, who is in the place of the heir. This is founded
upon a presumed intention of the devisor in favor of the
devisee. But this again may be rebutted by words which
show an intent that the executor shall have it. In the case
referred to, the devise to the executor was of " all other his
personal estates of what nature soever;" here the bequest
is of all " other personal property not herein otherwise dis-

posed of." The growing crop having passed to the devisees, there is nothing in the will which satisfies us that the testator intended that it should be taken from them.

Judge Richardson concurring, the judgment will be reversed and the cause remanded.