AUGUST HEMAN *et al.*, Respondents v. WILLIAM WADE *et al.*, Appellants.

St. Louis Court of Appeals, November 12, 1895.

1. **Jurisdiction, Appellate:** AMOUNT INVOLVED. A cause will not be transferred to the supreme court on account of the amount involved, when this court has no means of determining what that amount really is.

2. ———: EFFECT OF DOUBT AS TO JURISDICTION. But such transfer will be made, when a doubt exists in the opinion of this court as to the jurisdiction of the issues presented by the appeal.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

TRANSFERRED TO SUPREME COURT.

*C. H. Krum* and *A. G'feller* for appellants.

*N. C. Dryden* and *T. J. Rowe* for respondents.

BIGGS, J.—It has been suggested by counsel that this court has no jurisdiction of this appeal. There is now pending in the circuit court of the city of St. Louis a suit of ejectment, in which the plaintiffs herein are seeking to oust the defendants from the possession of certain lots in that city. In the present

proceeding the plaintiffs sought by injunctive relief to prevent and stay waste on the premises until the ejectment suit could be finally determined. A temporary injunction was granted, which the circuit court made final on the hearing. The defendants have appealed.

Our jurisdiction is denied on the grounds that more than $2,500 is involved, and that the title to real estate is involved within the meaning of the constitutional amendment fixing and limiting the jurisdiction of this court.

The plaintiffs claim title to, and the right to the immediate possession of, the lots by virtue of a deed executed by the Hydraulic Press Brick Company to them, dated April 16, 1894. The deed was the consummation of a previous contract of sale entered into between the Hydraulic Press Brick Company and one Patrick H. Clark. The latter assigned the contract of sale to the plaintiffs. The defendants claim under a lease executed by the brick company. This lease was executed on March 23, 1894, and by its terms the lots in question were leased to the defendants for three years from that date at an annual rental of $900. The outstanding contract with Clark was mentioned in the lease, and the defendants agreed that, if Clark or his assignee should establish his right to the property under the contract or should consummate the sale, they would surrender the possession. The lease gave the defendants the right, under certain restrictions, to quarry the rock on the premises. After the plaintiffs received their deed, they demanded the possession of the property and the defendants refused to surrender it. Thereupon the plaintiffs instituted the action of ejectment and also an action of unlawful detainer, both of which are still pending. Defendants continued to quarry the rock, and, at the time this suit was instituted, had taken out twenty-two hundred cubic yards. The

defense to the present proceeding is that, at the time the lease was executed, the contract of sale made with Clark was considered by the Hydraulic Press Brick Company as forfeited, and that it was in fact by its terms forfeited prior to that time, and that the extent of the defendants' covenant in the lease was that they would surrender the possession upon condition *only* that Clark should establish in the courts his right to have the contract performed, which neither he nor the plaintiffs attempted to do.

We would not be justified in transferring the case to the supreme court on the ground that more than $2,500 is involved, for the reason that we have no means of determining how much is really involved, or that the amount will certainly exceed the jurisdictional limit. The plaintiffs claim that the damage already done, and that which was threatened, was irreparable and could not be estimated. What the probable loss of the defendants would be by reason of the injunction is not shown. Whether the issues presented involve the title to real estate, we have some doubt. This jurisdictional question is often difficult to determine, and, where a doubt arises in our minds, it has been our invariable practice to give the supreme court an opportunity to settle the question. We will, therefore, transfer the cause to the supreme court for such disposition as that tribunal may see proper to make. All the judges concur.