CHRISTOPHER et al. v. PEOPLE'S HOME AND SAVINGS ASSOCIATION, Appellant.

Division One, March 17, 1904.

APPELLATE JURISDICTION: Deed of Trust: Cancellation. Where the validity of a mortgage or deed of trust on land, as such, is not called in question, but its cancellation is sought on the ground that the obligation it was given to secure has been paid or otherwise satisfied, and the only issue in the case is whether or not it has been satisfied, the Supreme Court does not have jurisdiction of the appeal on the ground that title to real estate is involved.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Chas. F. Strop* and *Eastin & Eastin* for appellant.

This case should be certified to the Kansas City Court of Appeals under the following authorities: Guy v. Sav. & Bldg Assn., 149 Mo. 606; Price v. Blankenship, 144 Mo. 203; Rothrock v. Lumber Co., 146 Mo. 57; Edwards v. Railroad, 148 Mo. 513; Bonner v. Lisenby, 157 Mo. 165; Bradley v. Ins. Co., 163 Mo. 553; Vandergrif v. Brock, 158 Mo. 681.

*James M. Wilson* and *W. Dobbins* for respondents.

ROBINSON, J.—The appellant is a building and loan association, and respondents are stockholders therein. On May 10, 1892, respondents borrowed from appellant eight hundred dollars, and gave their bond for that sum, and to secure its payment gave a deed of trust on two lots owned by them in the town of St. George, in Buchanan county, in this State. After having made the regular monthly payments due on account of said bond, in accordance with the requirements of appellant association, and as expressed in said bond and deed of trust, for 76 consecutive months, respondents ceased further payments, and demanded of appellant that it release or cause to be released of record, the deed of trust given to secure said loan, and upon appellant's refusal to comply with said request, brought this suit in which they pray the court "for judgment and decree declaring the said bond fully paid and that the deed of trust be fully paid and released, satisfied and cancelled, and that plaintiffs have judgment against defendant in the sum of $64.99, and for such other and further orders, judgments and decrees as to the court may seem proper."

It is not the claim of plaintiffs that their bond given to appellant had been fully paid by reason of a compliance on their part with all the stipulations and requirements of said bond and the deed of trust securing

it, but that, by reason of the non-compliance of appellant association with the law regulating the manner that mutual savings fund, loan and building associations in this State may make loans (that is, by permitting competitive bidding among its members and stockholders for the money to be loaned in an open meeting of the board of directors of such association), appellant has withdrawn itself from the protection of the stautes authorizing the exaction of interest at the rate provided by its said contract with respondent, and could only collect the amount of the money loaned, with legal interest thereon, computed at the rate of six per cent per annum, which amount and interest the respondents in their petition state and show to have been more than paid to appellant association by them.

To the averments of plaintiffs' petition defendant answered, admitting its corporate existence under and by virtue of the laws of the State, as a building and loan association, as alleged in plaintiffs' petition; that plaintiffs are the owners of the real estate described therein, subject only to its deed of trust thereon; that plaintiffs borrowed the money and executed the bond and deed of trust named therein, and further answering, denied each and every other allegation of said petition.

At the trial, the court found from the evidence adduced that appellant had not complied with the laws of this State regulating mutual saving fund, loan and building associations, in that the monthly premium charges fixed for the loan to respondents, had not been the result of competitive bidding in open meeting of the board of directors of appellant association; but on the contrary, had been arbitrarily named by appellant and agreed to by respondents; and further, that the charges so made and exacted by appellant of the respondents on account of said loan, exceeded the sum of eight per cent per annum thereon, and treating the transaction as an ordinary usurious loan, as plaintiffs had charged and designated it to be in their petition, the court proceeded

to ascertain if the payments as made by respondents to appellant were sufficient to have paid off said original loan of $800 and interest thereon at six per cent per annum from the date of its creation to the time of respondents' last payment.  By charging the appellant with all the payments made by the respondents upon this bond obligation secured by the deed of trust in question (and about these payments there is no dispute), and by crediting it with the amount of eight hundred dollars advanced by it to respondents, together with interest on same at the legal rate of six per cent from date of loan to the time of respondents' last payment thereon, the court found that respondents' obligation to appellant had been more than paid and discharged, and made its order and decree that the deed of trust executed by respondents to secure said loan, evidenced by the bond aforesaid, "be released, cancelled and satisfied, and for naught held" (and that plaintiffs have judgment for their costs, etc.).

From this judgment and decree, the defendant, after the usual steps taken, prosecuted its appeal, and the case was sent to this court for final determination. Since, however, the case has reached here and appellant has filed its brief, the suggestion is made that the case should be certified to the Kansas City Court of Appeals for determination therein, and in that suggestion we concur.

Appellant in its briefs filed herein now concedes that the premiums charged to, and paid by, respondents on account of the loan in question, were illegal, by reason of the manner in which it was made, and at this time complains only that the trial court did not follow the plans that have been adopted and laid down by the courts of appeal in this State, of applying the various payments made by the borrower and computing interest thereon, where unwarranted charges have been made and exacted, and when the association exacting same is shown to be a solvent, going concern.  Appellant's

position is that upon a correct computation there is yet due to it by respondents $55.95 on account of said loan, while respondents claim that if they are credited with all payments made by them, whether by way of dues, interest or premium, according to the rule governing partial payments, their debt has been overpaid in the sum of $64.99.

Whatever may be said of a suit having for its purpose the cancellation of a deed of trust upon real estate, which it is alleged stands as a cloud upon the plaintiffs' title, where, as here, the validity of the instrument itself, as such, is not in question, but its cancellation is sought upon the ground solely that the debt or obligation it was given to secure, has been fully paid or become discharged, and the proceeding is resisted, on part of the defendant holding same, only because the debt or obligation has not been paid in full or become discharged for any reason, it can not be said in such a proceeding that title to real estate is involved within the meaning of the Constitution defining the jurisdiction of this court, and giving it exclusive control of such appeal. The purpose sought by plaintiff herein, as before said, is to have applied to their bond obligation all the different payments made by them on account of said obligation, freed from the usurious burdens attempted to be imposed thereon by defendant association, and if found ample to discharge same, that the deed of trust given to secure said obligation be cancelled. There was no controversy at any time about the title to the land embraced in the deed of trust, which the court was asked to order cancelled and have satisfied upon the record. The object, the purpose, the validity of the deed of trust was recognized throughout the controversy by both plaintiffs and defendant. The defendant claimed nothing by the deed of trust, and sets up no interest in or title to the land named therein, if the bond it secures is found to be paid. The existence, or the non-existence, the payment or the non-payment of the original debt se-

cured, was the issue around which the controversy centered, and if upon this issue the court's final conclusion is that plaintiffs' obligation has been paid, the deed of trust represents nothing to defendant, and the final decree ordering its cancellation becomes a matter to it of no concern, and affects not an iota its interest in the land therein named; and if upon the other hand the court's final determination is that plaintiffs' debt to defendant has not been fully paid, the proceeding herein is simply dismissed. Though title to real estate may be affected as a result of the decree asked and ultimately entered herein, title to real estate is not involved in this controversy within the meaning of the Constitution defining this court's jurisdiction on appeal in such controversies.

So much has recently been said by this court upon this subject that its further discussion at this time could serve no useful purpose whatever, and we will now content ourselves with a simple reference to a few of those cases. [Klingelhoefer v. Smith, 171 Mo. 455; Balz v. Nelson, 171 Mo. 682; Granitoid Co. v. Klein, 170 Mo. 225; Vandergrif v. Brock, 158 Mo. 681; Bradley v. Ins. Co., 163 Mo. 553; Bonner v. Lisenby, 157 Mo. 165; Edwards v. Railroad, 148 Mo. 513; Rothrock v. Lumber Co., 146 Mo. 57; Gay v. Sav. & Bldg. Assn., 149 Mo. 606; Price v. Blankenship, 144 Mo. 203; State ex rel. South Mo. Pine Lumber Co. v. Dearing, 180 Mo. 53.]

The appeal in this case should have been taken to the Kansas City Court of Appeals, and to that court it is now ordered transferred for final determination and disposition. All concur.