GEORGE M. TURNER v. A. B. MORRIS,
Appellant.

Division One, July 1, 1909.

APPELLATE JURISDICTION: Title to Real Estate: Replevin. To give the Supreme Court jurisdiction of the appeal on the ground that title to real estate is involved, the record must show that the title to the real estate mentioned in the pleadings will be directly affected by the judgment rendered. So that where plaintiff sued in replevin for wheat, whose value the jury found to be $82.50, and defendant pleaded that he bought the land on which the wheat was then growing and received a warranty deed from plaintiff, the Supreme Court does not have jurisdiction, for the judgment rendered will not affect the title, and the judgment may be satisfied by paying the $82.50.

Appeal from Barry Circuit Court.—*Hon. F. C. Johnston*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*J. S. Davis* for appellant.

*C. M. Landis* for respondent.

WOODSON, J.—This is a suit in replevin, brought by the plaintiff before a justice of the peace, in Barry county, to recover sixty-six and two-thirds bushels of wheat, the value of which was assessed by the jury at the sum of $82.50.

The defendant filed answer, under oath, alleging that title to real estate would be an issue in the case, for the reason that he had purchased by general warranty deed from plaintiff the land on which the wheat in controversy grew, during the month of February, 1905, and that plaintiff made no reservation of the growing wheat thereon in said deed; and that all of plaintiff's interest in the wheat was sold to defendant as a part of the land. Thereupon, under and by authority of section 3951, Revised Statutes 1899, the justice certified the cause to the circuit court of Barry county. A trial was had before the court and a jury, which resulted in a verdict and judgment for the plaintiff. In due time defendant filed a motion for a new trial and in arrest of judgment, which were by the court overruled. After excepting to the action of the court in that regard, defendant appealed the case to this court.

Counsel for respondent insists that this court has no jurisdiction to entertain or determine this appeal, for the reason that the amount involved is under $4,500, and that title to real estate is not involved within the meaning of section 12 of article 6 of the

Constitution. which gives this court appellate jurisdiction of cases involving title to real estate.

In our opinion that insistence is well taken, for the reason that we have repeatedly held that before an appeal can be entertained by this court on the ground that title to real property is involved within the meaning of that section of the Constitution, the record must show that the title to the real estate mentioned in the pleadings will be directly affected by the judgment or decree to be rendered in the cause. And, although the title thereto may be incidentally, collaterally, or unnecessarily inquired into at the trial, for the purpose of determining the issues involved, yet, if the judgment or decree rendered by the trial court does not directly affect the title to the real estate, and can be satisfied by the payment of money, then the appeal should go to the Court of Appeals. [Price v. Blankenship, 144 Mo. 203; Balz v. Nelson, 171 Mo. l. c. 688; Christopher v. Home Saving Assn., 180 Mo. 568.]

Under no possible circumstances could the judgment rendered by the circuit court in this case affect the title to the real estate purchased by appellant from respondent; and the same may be satisfied by paying $82.50, the amount of the judgment, with interest and costs.

We are, therefore, of the opinion that this court has no jurisdiction over this appeal, except to certify it to the St. Louis Court of Appeals, which is accordingly done.

All concur.