THE STATE ex rel. DOROTHY E. COOPER et al. v. JAMES E. GOODRICH, Judge, et al.

In Banc, December 23, 1911.

1. JURISDICTION: Title to Real Estate: Injunction to Stop Removal of Timber. A suit by injunction, brought against the owners of land, to enjoin them from interfering with plaintiffs' right, under a contract with the owners' grantor, to cut the growing timber thereon and to remove the same, does not involve or affect the title of the real estate, nor the right to the possession of the land.

2. ———: ———: ———: **Where Brought.** And where all the parties, both plaintiffs and defendants, reside in one county, and the land lies in another, the injunction suit, to enjoin the owners of the land from interfering with plaintiff's right to cut and remove the growing timber, may be brought in the circuit court of the county wherein the parties reside.

## Prohibition.

PEREMPTORY WRIT DENIED.

*Halbert H. McCluer* and *Omar E. Robinson* for relators.

By an examination of the petition, it will be seen that the plaintiffs in the injunction suit claim to be the owners and entitled to certain timber now standing on a large tract of land situated in Osage county, this State, and that they have the right to enter upon said land and cut and remove the timber thereform, and further claim that the relators are interfering with their right to enter upon said land and cut and remove said timber. The answer of the defendants, relators herein, alleges that they are the absolute owners of the said land, situated in said Osage county, with all the right, privileges and immunities thereunto belonging, including the timber standing thereon, and that they are now and for a long time past have been in the exclusive, peaceable possession of said land and the timber thereon; and denies that the plaintiffs in said suit have, or ever had, any interest in said land or the timber growing thereon, and denies that they have, or ever had, the right to enter upon said land and cut or remove any of the timber therefrom, and denies that said plaintiffs were ever in the possession of said land for the purposes of cutting timber therefrom or had any right to so be on said land prior to the institution of the suit. The determination of the issues thus presented necessarily involve the determination of the ownership of the trees growing on said land, and also

the possession of the land, and the right to same, and the right of the plaintiffs in said suit to enter upon said land and cut and remove the timber therefrom. These relators contend that those issues involve the determination of the possession and title to real property within the meaning of Sec. 1753, R. S. 1909, and that consequently the circuit court of Jackson county, is without jurisdiction to hear or determine them. Patter v. Everett, 40 Mo. App. 152; State ex rel. v. Muench, 225 Mo. 210.

*Warner, Dean, McLeod & Timmons* for respondents.

(1) Whether the circuit court has jurisdiction is ascertainable only by reference to the averments in the petition (second amended petition) on which the injunction suit is pending. State ex rel. v. Wood, 155 Mo. 445. (2) Under the allegations of the petition for injunction, the plaintiffs therein were entitled to take and use the timber in question for the uses and purposes of manufacturing charcoal at their plant on said lands. This right was a property right. Lytle v. James, 98 Mo. App. 342. Plaintiffs were engaged in exercising that right when defendants interfered; and it was to prevent such interference that the injunction suit was brought. (3) Injunction will lie to enjoin one from interfering with another in his right to remove timber. Gress Lumber Company v. Leitner, 18 S. E. 62. (4) The statute (R. S. 1909, sec. 1753), applies only to cases in which the judgment will operate directly on the title, and not where it may be merely a subject of collateral inquiry. Hewitt v. Price, 230 Mo. 31; State ex rel. v. Dearing, 180 Mo. 53; Carter v. Arbuthnot, 62 Mo. 582. It is also held that title to land is not affected by an action for trespass. Railway v. Mahoney, 42 Mo. 467. Nor is title to land affected by a suit to cancel notes for a part of the purchase money

on lands, and restraining foresclosure of the deed of trust given to secure the notes. Crommer v. Dickman, 180 Mo. 148; State ex rel. v. Dearing, 180 Mo. 53. We concede that if this will affect title to real estate, within the meaning of Sec. 1753, R. S. 1909, then the circuit court has no jurisdiction. But we contend that title to real estate is not so involved as to deprive that court of jurisdiction.

WOODSON, J.—This suit involves but a single proposition of law, the facts being practically undisputed.

The relators, under an assignment of a contract, made and entered into by and between one Allen and their assignors, claim the right to continue the possession of and to cut and remove standing timber from a certain tract of land situate in Osage county Missouri.

The title to the lands, some three thousand acres, through mesne conveyances, became vested in the respondents, Cooper et al. Since, however, there is no question raised regarding the purchase without notice, etc., we will put those conveyances aside.

After Cooper et al. became the owners of the land, they objected and prevented respondents from further entering, cutting and removing said timber from said lands which they had previously been doing without question.

Thereupon the respondents instituted a suit in the circuit court of Jackson county, seeking to enjoin Cooper et al. from interfering with their rights of possession and right to cut and remove said timber.

All of said parties were residents of Jackson county at the time of the institution of said injunction suit.

After service was had upon the defendants, Cooper et al., in that case, in proper time and in due form, they challenged the jurisdiction of the circuit court of

Jackson county to try and determine the same, upon the ground that the title to real estate was involved, for the reason that growing timber is a part of the land upon which it is grown, etc., and consequently such a suit under our statutes must be brought in the county where the land is situate.

Upon an adverse ruling made by the court to the defendants, Cooper et al., they applied to this court for a writ of prohibition, seeking to prohibit the respondents from further proceeding with the trial of said cause in the circuit court of Jackson county.

As previously stated the only question presented by this record for determination is, has the circuit court of Jackson county jurisdiction to try an injunction suit brought therein, by the plaintiffs, seeking to prevent the defendants therein, from interfering with the rights of the former, that is, to continue to cut and remove standing timber from lands situate in Osage county? The respondents affirm said jurisdiction, while relators deny it.

If we correctly grasp the full meaning of relators' contention, it is this: That in order to decide this case in favor of the respondents, this court must hold: First, that relators are entitled to the possession of the land mentioned, for the purpose of cutting and removing the timber therefrom; and, second, that growing timber is not a part of the land upon which it is growing, and consequently is not real estate within the meaning of section 753, Revised Statutes 1909, which reads: "Suits for possession of real estate, or whereby the title thereto may be affected shall be brought in the county within which such real estate, or some part thereof, is situate."

There can be no question at this late day, but that growing crops and growing timber, as between grantor and grantee, are parts of the land upon which they are growing. The text-writers and the adjudications of the courts upon that question are uniform in so

holding. This court has so held in a number of cases. In fact that doctrine is elementary. [McIlvaine v. Harris, 20 Mo. 458; Pratte v. Coffman's Exr., 27 Mo. 424; 4 Kent's Comm., 518, 519; 1 Greenleaf, Ev., 352; Willard, Real Prop., 32; Kittridge v. Woods, 3 N. H. 503; Bank v. Wise, 3 Watts, 394; Foote v. Colvin, 3 Johnson, 216.]

That proposition of law is not questioned by counsel for the relators, but they insist that the title to the real estate mentioned is not questioned, but concede it to be in the defendants in the injunction suit, and that the determination of this or that case in favor of the relators will in no degree affect the title of the respondents to the land upon which the timber is standing, nor can the injunction suit be held to be a suit for the possession mentioned, for the simple reason that they had that possession at the time of the institution of the injunction suit, and still have it.

This question was presented to this court in the case of Turner v. Morris, 222 Mo. 21. There the question presented involved growing wheat (which as we have seen is the same as growing timber), the value of which was below the jurisdiction of this court, and the respondent there moved to have the cause certified to the court of appeals, for the reason that the title to real estate was not involved. While it is true that case did not involve the construction of the section of the statute before quoted, nevertheless, the question here presented is identical with the one there determined. In discussing that question the court, on pages 22 and 23 said:

"Counsel for respondent insists that this court had no jurisdiction to entertain or determine this appeal, for the reason that the amount involved is under $4,500, and that title to real estate is not involved within the meaning of section 12 of article 6 of the Constitution, which gives this court appellate jurisdiction of cases involving title to real estate.

"In our opinion that insistence is well taken, for the reason that we have repeatedly held that before an appeal can be entertained by this court on the ground that title to real property is involved within the meaning of that section of the Constitution, the record must show that the title to the real estate mentioned in the pleadings will be directly affected by the judgment or decree to be rendered in the cause. And, although the title thereto may be incidentally, collaterally or unnecessarily inquired into at the trial, for the purpose of determining the issues involved, yet, if the judgment or decree rendered by the trial court does not directly affect the title to the real estate, and can be satisfied by the payment of money, then the appeal should go to the Court of Appeals. [Price v. Blankenship, 144 Mo. 203; Balz v. Nelson, 171 Mo. l. c. 688; Christopher v. Home Saving Assn., 180 Mo. 568.]

"Under no possible circumstances could the judgment rendered by the circuit court in this case affect the title to the real estate purchased by appellant from respondent; and the same may be satisfied by paying $82.50, the amount of the judgment, with interest and costs.

"We are, therefore, of the opinion that this court has no jurisdiction over this appeal, except to certify it to the St. Louis Court of Appeals, which is accordingly done."

That ruling is controlling here.

We therefore, deny the peremptory writ prayed for, and quash the preliminary rule heretofore issued. All concur.