## CITY OF KIRKWOOD ex rel. JOHN F. McMAHON, Respondent, v. A. H. HANDLAN, JR. et al., Appellants.

**St. Louis Court of Appeals, April 7, 1914.**

1. **SPECIAL TAX BILLS: Enforcement of Lien: Nature of Proceeding.** An action to enforce the lien of a special tax bill is in the nature of a proceeding *in rem* against the property assessed; the sole object being the enforcement of the lien, and payment of the judgment being enforcible only by a sale of the property.

2. ——: ——: **Venue.** The venue of an action to enforce the lien of a special tax bill against real estate is governed ,by Sec. 1751, R. S. 1909, and not by Sec. 1753, and hence the action must be brought in some county in which the court has jurisdiction, under the first named section, regardless of the fact that the real estate affected is situated in another county; such an action not being one affecting the title to real estate within Sec. 1753.

3. ——: ——: **Lien of Judgment: Land Situated in Another County.** A judgment enforcing the lien of a special tax bill against real estate situated in another county may be made to operate as a lien upon such real estate, in like manner as a judgment obtained within the county where the land is situated, upon compliance with Sec. 2162, R. S. 1909; and execution against the land may issue to and be executed by the sheriff of the county in which it lies, under Sec. 2176, R. S. 1909.

4. ——: ——: **Process: Constructive Service.** A proceeding to enforce the lien of a special tax bill against real estate being a proceeding *in rem*, service by publication may be had under Sec. 1770, R. S. 1909, or extraterritorial service had under Sec. 1778, upon a defendant who is a nonresident of the State.

5. ——: ——: **Process: Necessity of Service.** While an action to enforce the lien of a special tax bill against real estate is a proceeding *in rem*, personal or constructive service upon the owner of the property is essential to jurisdiction, and where he is a resident of the State, he must be personally served.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman*, Judge.

REVERSED AND REMANDED (*with directions*).

*H. A. Loevy* for appellants.

A suit on a special tax bill must be brought where the owners can be served although that be in a different county than that in which the property is situated. Such a suit need not be brought in the county in which it lies. In such suits the title, is not affected by judgment establishing the lien. Sec. 1753, R. S. 1909; Cratz v. City of Kirkwood, 165 Mo. App. 206; Asphalt Co. v. Hezel, 138 Mo. 228; Smith v. Westport, 174 Mo. 394; Corrigan v. Morris, 97 Mo. 174; Bobb v. Wolff, 105 Mo. 52; Elliots case, 180 Mo. 662; Ross v. Gates, 183 Mo. 346; State ex rel. v. Court of Appeals, 67 Mo. 200; State ex rel. v. Goodrich, 238 Mo. 270; State ex rel. v. Deering, 180 Mo. 63; Lowenstein v. Ins. Co., 227 Mo. 128; Price v. Blankenship, 144 Mo. 208; 1 Words and Phrases 239; Nichols v. Voorkis, 74 N. Y. 28; Black's Law Dict., 46; 1 Cyc. 1159; Tyler v. Wells, 2 Mo. App. 533; Baird v. Hospital Assn., 116 Mo. 425; 61 How. Pr. (N. Y.) 305; 23 Cyc. 353, note 1.

*Sam'l D. Hodgdon* and *J. M. Holmes* filed argument for respondent.

ALLEN, J.—This is an action to enforce the lien of a special tax bill against certain real property of the defendants located in the city of Kirkwood. The defendant owners of said property resided in the city of St. Louis. The suit was instituted in the circuit court of St. Louis county, and writs of summons were sent to the sheriff of the city of St. Louis, and there served upon defendants. The latter appeared specially and moved to quash the writ, and also to dismiss the action, upon the ground that the circuit court of St. Louis county acquired no jurisdiction by virtue of the service upon defendants in the city of St. Louis. These motions were overruled, and the cause coming on for

trial, defendants not appearing further, the court rendered judgment sustaining the lien of the tax bill. Thereupon defendants, again limiting their appearance, filed a motion to set aside such judgment upon the ground that the court had no jurisdiction to enter the same. This motion was likewise overruled, and defendants have appealed to this court.

The only question involved is whether an action to enforce the lien of a special tax bill may be brought in the county where the land in question is situated, the defendants being residents of the State, but not of such county and not being found therein. Appellant's position is, that this action is governed by Section 1751, Revised Statutes 1909, and must be brought in the county in which the defendant resides, or in which the plaintiff resides and the defendant may be found; whereas respondent contends that the action is local in its character and must be brought in the county in which the land lies, and that summons may issue to another county.

The action, being one to enforce the lien of a special tax bill, it is in the nature of a proceeding *in rem* against the property, the sole object being the enforcement of the lien; and payment of the judgment can be enforced only by a sale of the assessed property. [See Construction Co. v. Ice Rink Co., 242 Mo. 259; 146 S. W. 1142; Barber v. St. Joseph, 183 Mo. 451, 82 S. W. 64.] There can be no personal judgment against the owner. Being an action to enforce a lien against real property, it falls within the class of suits known as local actions at common law. The distinction between local and transitory actions, at common law, appears, however, to be a matter of small consequence, in view of the provisions of our statutes relative to the venue of civil actions, and the construction placed thereupon by our Supreme Court.

Section 1751, Revised Statutes, 1909, is as follows.

"*Suits by summons, where brought.*—Suits instituted by summons shall, except as otherwise provided by law, be brought: First, when the defendant is a resident of the State, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found; second, when there are several defendants, and they reside in different counties, the suit may be brought in any such county; third, when there are several defendants, some residents and others nonresidents of the State, suit may be brought in any county in this State, in which any defendant resides; fourth, when all the defendants are nonresidents of the State, suit may be brought in any county in this State; fifth, any action, local or transitory, in which any county shall be plaintiff, may be commenced and prosecuted to final judgment in the county in which the defendant or defendants reside, or in the county suing and where the defendants, or one of them, may be found."

Section 1753, Revised Statutes, 1909, provides as follows:

"*In actions for real estate.*—Suits for the possession of real estate, or whereby the title thereto may be affected, shall be brought in the county within which such real estate, or some part thereof, is situate."

Other sections make special provision with respect to actions in ejectment and replevin, by attachment, for the foreclosure of mortgages, for the bringing of partition suits, etc.

Section 1751, makes general provision respecting the place of bringing suits; and provides that, where the defendant is a resident of the State, the action must be commenced either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found— *except as otherwise provided by law.* A consideration of all of the other statutory provisions relative to the venue of civil actions makes it clear that there is no

special provision having the effect of exempting an action such as this from the operation of section 1751, unless it can be said to fall within the purview of section 1753, supra—i. e., unless it can be regarded as an action whereby the title to land is affected.

Concerning the provisions of our statutes relative to the venue of civil actions, the Supreme Court in Coleman v. Lucksinger, 224 Mo. 1, 123 S. W. 441, had occasion to pass upon a question which is of great influence in the case before us. That was an action for breach of covenants of seizin and warranty. The lands in question were located in Texas, and the action was by a remote grantee upon the said covenants running with the land. It was contended by the defendant that the action was local in its character and could neither be brought nor maintained in this State. As to this the court said:

"At common law no local action could be maintained out of the jurisdiction in which it arose, even though the result in many instances would be to deprive a party of all remedy, and where the action was brought by a remote grantee of the land on a covenant which ran with the land, the covenantee's right of action was based upon privity of estate and not on privity of contract, and the action was deemed local and must have been brought in the place or county in which the land lies." (Citing cases.)

"We concede that this is the settled common-law rule, and the courts of the different States in our Union, which have maintained this doctrine, have done so under stress of the common law, but, in our opinion, our statute providing for the place of bringing of suits, Sections 562 and 564, Chapter 8, Article 3, Revised Statutes 1899 (Secs. 1751 and 1753, R. S. 1909) has changed this rule and this action on a covenant of seizin or warranty is one not required to be brought in the county in which the land lies."

Cases from other States were cited and quoted from, holding that, in such States, the common-law rule relative to the distinction between local and transitory actions has been entirely superseded by the statutes of those States providing for the venue of civil actions, and that such statutes must govern. The opinion then proceeds as follows:

"So in this State, by one general system, our Legislature has provided for the venue of all civil actions. Section 562, Revised Statutes 1899 (Sec. 1751, R. S. 1909) has reference to the residence of the defendant, and Section 563, Revised Statutes 1899 (Sec. 1752, R. S. 1909) provides for the prosecution of actions in ejectment and replevin in the county where the specific property is sought to be recovered or seized, and Section 564, Revised Statutes 1899 (Sec. 1753, R. S. 1909) provides that suits for the possession of real estate, or whereby the title thereto may be affected, shall be brought in the county where such real estate or some part thereof is situated. Section 4345, Revised Statutes 1899 (Sec. 2831, R. S. 1909) provides for the foreclosure of mortgages of real estate in the county where any part of the mortgaged premises is situated, and Section 4374, Revised Statutes 1899 (Sec. 2560, R. S. 1909) provides for the bringing of partition suits in the county in which the land is sought to be partitioned or situated. In a word, *our Legislature has completely altered the rule of common law, and provided for every contingency as to the bringing of suits,* and it must be held that the common-law rule as to this action no longer obtains in this State." (Italics ours.)

In other words, it is there held that the statutes make complete provision respecting the venue of civil actions, superseding altogether the common law relative to the place of bringing suit, which was dependent upon whether the action was local or transitory. This case holds, in effect, that the words "except as otherwise provided by law," as employed in section 1751,

supra, mean *except as otherwise provided by statute*. And it is said that the statutes provide "for every contingency as to the bringing of suits." In a dissenting opinion by Woodson, J., it is said, in effect, that this language, viz., "except as otherwise provided by law" should be construed to mean: "Except as otherwise provided either by statute or by the rules of the common law applicable to the particular case." Such was not the view, however, taken by the majority of the court, as we have indicated above.

In view, then, of what is said in Coleman v. Lucksinger, supra, it seems quite clear that, in order for this action upon a special tax bill to be exempted from the provisions of section 1751, it must fall within some one of the class of cases exempted from the operation of that section, regardless of the nature of the action. And as we have said, it seems equally clear that the only way in which it can be said to be thus exempted would be upon the theory that it falls within the purview of section 1753, supra, i. e., that it is an action whereby the title to land is affected; for it does not fall within any of the other sections of the statutes relating to the venue of civil actions. But in view of the decisions of our Supreme Court construing and applying the latter section, it is quite apparent that an action to enforce a special tax bill is not one affecting title to real estate. The action is not one operating directly upon the title. The plaintiff does not assert title to the land. Indeed, in such cases, the title is conceded to be in the defendant, and is in no way drawn in question, the object of the suit being to enforce the lien thereupon.

In State v. Dearing, 180 Mo. 53, 79 S. W. 454, in speaking of this very section, the Supreme Court said: "This section of the statute, like the constitutional provision vesting appellate jurisdiction in this court, in cases involving title to real estate, applies only to cases in which the title to land is the subject of the contro-

versy and in which the judgment lien operated directly upon the title, and not to those cases where the title to land may be merely a subject of collateral inquiry or in which the judgment lien only affected the title incidentally or collaterally.'' (Citing cases.) [See, also, State ex rel. v. Muench, 225 Mo. 225, et seq., 124 S. W. 1124; Coleman v. Lucksinger, supra.]

While the precise question now before us is not one pertaining to the constitutional provision vesting the Supreme Court with appellate jurisdiction in cases ''involving'' title to real estate, nevertheless it will be seen from the above that, in general, the same construction is placed upon section 1753, supra, as has been placed upon the constitutional provision referred to. In other words, it is held that, like such constitutional provision, this section is applicable only to cases in which title to real estate is the subject of the controversy, and in which the judgment operates directly thereupon.

And in this connection it is said in Barber Asphalt Co. v. Hezel, 138 Mo. 228, 39 S. W. 781:

''This clause, 'in cases involving title to real estate' has been often construed by this court and it has been uniformly held that suits for the enforcement of special tax bills, mechanics' liens and vendors' liens are not suits 'involving the title to real estate.' [State v. Court of Appeals, 67 Mo. 199; Corrigan v. Morris, 97 Mo. 174; Bobb v. Wolff et al., 105 Mo. 52; Syenite Granite Co. v. Bobb, et al., 97 Mo. 46; Baier v. Berberich, 77 Mo. 414; Bailey v. Winn, 101 Mo. 649.] . . .

''In general, suits to enforce special tax bills, to foreclose mortgages and to enforce mechanics' liens, proceed upon the assumption that the defendant has title and his title is not drawn in question, the real contest in such cases being the validity and regularity of the tax proceedings or the mechanics' liens or the mortgage.''

In Balz v. Nelson, 171 Mo. l. c. 688, 689, 72 S. W. 527, it is said:

"If the suit was simply to establish or enforce a special tax bill, or a mechanic's or vendor's lien or any other kind of a lien, the title to real estate would not be involved. (Citing cases.) And the reason is that in all such cases the title is necessarily conceded to be in the defendant, for otherwise the plaintiff would not be entitled to a lien against the land in that suit, and therefore no judgment that could be rendered in the case could divest the title out of the defendant. The result of the establishment of the lien on the land and the sale of the land to satisfy the judgment might be that the defendant would lose the land, but the same is true in every case of a judgment against one who owns land. In such case the title to the land passes as the legal result of a sale on execution to satisfy the judgment, but the judgment itself rendered in the case does not strike down a muniment of title, or, *ipso facto* and without any execution, divest title from the defendant."

And in Ross v. Gates, 183 Mo. 346, 81 S. W. 1107, the court says:

"Mahoney, the contractor, and the plaintiff, his assignee, have no title to the land. They had a special tax bill against the land, but that did not give them any title to the land, and no proceeding for the enforcement of the lien could involve the title to the land."

We think it cannot be doubted that this action is not one "for the possession of real estate or whereby the title thereto may be affected," within the purview of section 1753, as that section has been construed and applied by our Supreme Court. In this connection, see also Price v. Blankenship, 144 Mo. 203, 45 S. W. 1123; Smith v. Westport, 174 Mo. 394, 74 S. W. 610; Christopher v. Savings Association, 180 Mo. 568, 79 S. W. 899; State ex rel. v. Elliott, 180 Mo. 662, 664, 79 S. W. 696; Turner v. Morris, 222 Mo. 21, 121 S. W. 9; Kennedy v. Duncan, 224 Mo. 665, 123 S. W. 856; State ex

rel. v. Goodrich, 238 Mo. 720, 142 S. W. 300; Gratz v. City of Kirkwood, 165 Mo. App. 206, 145 S. W. 870.

We may say further that an examination of the statutes relative to special tax bills issued by a city of the fourth class, such as is the city of Kirkwood, reveals no special provision having the effect of exempting such an action from the operation of the general statutes relating to the venue of civil actions.

The conclusion therefore seems inevitable that this action is governed by the general section, 1751, supra, which makes provision as to the place for bringing all civil suits, except as otherwise specially provided. Though it is regarded as a proceeding *in rem,* it appears that this does not make it a local action, under our statute, requiring the suit to be instituted in the county where the land lies. If instituted in another county, where the owner, or one of them, resides, the judgment of the circuit court of such county may be made to operate as a lien upon the land, in like manner as a judgment obtained within the county where the land is situated, upon compliance with the provisions of Section 2162, Revised Statutes 1909; and execution against the land may issue to and be executed by the sheriff of the county in which it lies, under the provision of section 2176, Revised Statutes 1909. Being *in rem,* service by publication may be had under section 1770, Revised Statutes 1909, or extra-territorial service under section 1778, upon a defendant who is a nonresident of the State. And where there are several defendants residing in different counties of the State, or where some are residents and some nonresidents of the State, the suit may be instituted as provided in section 1751, supra.

If the law required the suit to be brought in the county in which the land lies, then doubtless the summons might be sent to any county in the State where a defendant resides or may be found. It has been so

held in attachment suits and in actions affecting the title to land. [See Castleman v. Castleman, 184 Mo. 438, 439, 83 S. W. 757, and cases cited.] But the action appears not to be local to the county. While it proceeds *in rem,* service, personal or constructive, upon the owner or owners of the land is necessary to invest the court with jurisdiction to enter a judgment enforcing the lien. Since the defendants are here residents of the State, personal service must be had upon them, and the suit must be instituted, as to place, in accordance with the statutes relating to the venue of civil actions.

Something is said by learned counsel for respondent, in his brief, as to the hardship cast upon contractors if a suit upon a special tax bill is to be governed by section 1751, supra. But the answer to this is that the remedy lies with the Legislature and not with us; for it is not our function to make the law. In the face of what appears to be the clear provisions of our statutes relative to the question in hand, the inconvenience to suitors thereby entailed is a matter not to be reckoned with by us. Though it would appear that the law ought to permit the action to be instituted in the county where the land is located, and the writ or writs to be sent to any other county or counties of the State in which the defendant or defendants may reside or be found, nevertheless it is obvious that we may not declare such to be the proper course if the statutory provisions are otherwise. In some States it is provided, substantially, that all actions to recover or to procure a judgment establishing, determining, defining, forfeiting, amending, or otherwise affecting an estate, right, title, lien, or other interest in or to real property shall be brought within the county where the subject-matter of the action or some part thereof is situated. But the corresponding sections of our statutes, viz., section 1753, supra, is by no means so broad, and its meaning

appears to have been quite clearly defined by our Supreme Court.

It follows that we must hold that the lower court was without jurisdiction in the premises. The judgment should therefore be reversed, and the cause remanded with directions to dismiss the action. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.