CHARLES WRIGHT et al., Appellants, v. CITY OF JOPLIN, Respondents.

Springfield Court of Appeals, June 17, 1915.

1. COURTS: Jurisdiction: Title to Real Estate: Jurisdiction in Supreme Court. Action by owners of lots to prevent city from encroaching on their property with certain street improvements. *Held* to involve title to real estate and the cause is transferred to the Supreme Court. [Const. Art. 6, Sec. 12, Amendment 1884, Sec. 4.]

2. ———: ———: ———: When Involved. A number of owners of city lots brought suit against a city to have the boundaries of their lots ascertained and fixed at places where plaintiffs claimed the same had been established by plat and to enjoin the city from encroaching thereon. The judgment was for the defendant and so. established the boundaries as to result in depriving plaintiffs of a portion of their lots within the boundaries contended for by them. *Held,* that the title to real estate was involved.

Appeal from Jasper County Circuit Court, Division Number One.—*Hon. Joseph D. Perkins,* Judge.

TRANSFERRED TO SUPREME COURT.

*Hugh Dabbs* and *W. J. Owen* for appellants.

*E. F. Cameron* for respondent.

ROBERTSON, P. J.—This is an action brought by plaintiffs as owners of certain lots in what is platted as the First Addition to East Joplin City, now included within the corporate limits of defendant city. It is alleged by plaintiffs that the defendant is encroaching and threatening to encroach upon their property with its streets and street improvements and is seeking to take and appropriate portions of the land owned by plaintiffs for street purposes, the controversy arising by reason of a dispute as to the correct

boundaries of the lots claimed by the plaintiffs, and asking that the location of certain streets and alleys of defendant city be ascertained, determined and established according to the contention made by the plaintiffs and that the defendant be enjoined from changing the lot lines as contended for by it, or from exercising any dominion over any part of the land owned by the plaintiffs inconsistent with the lines and boundaries as claimed by the plaintiff. The defendant answered putting in issue the claim of the plaintiffs as to the boundry lines of the lots claimed by them.

The whole controversy arises by reason of the fact that the plat of East Joplin City, which was filed March 20, 1872, as covering one forty-acre Government subdivision of land did as a matter of fact, according to the distances thereon given, extend east beyond the true east line of said forty-acre tract and that when the plat of the First Addition of East Joplin City was filed June 3, 1872, by the same parties who owned the tract covered by the other plat, purporting to cover the forty acres adjoining East Joplin City on the east, it designated the dividing line between the two forty-acre tracts as the west line of said First Addition. As these plats were filed there was twenty-five feet of Fifth (now High) street on the East Joplin City plat and thirty feet on the addition plat. The plaintiffs claim that soon after these plats were filed their lots were staked off by the then owners thereof according to the lines as shown on the plat of said addition, allowing the distances called for in the plat of East Joplin City, thus throwing the east line of Fifth (now High) street further east of the said dividing forty-acre line than is shown on the plats and that improvements were made, streets and alleys laid off, used and recognized according to the boundaries so marked by said stakes. The judgment of the trial court fixes the eastern boundry of said East Joplin City at the said dividing forty line and also adjudged that line to be

the west line of said addition, fixing the east line of Fifth (now High) street thirty feet east of this forty line, adjudging that all north and south streets and alleys be established the same distance east of High street as shown on the plat of said addition. This has the effect, as plaintiffs contend, of taking about thirty-four feet of their respective lots for street purposes to which they claim to be entitled by reason of their original occupation. Plaintiffs have appealed.

Appreciating the importance and effect of an adjudication upon the questions here submitted, both to the plaintiffs and the defendant, and realizing that if the title to real estate is involved (article VI, section 12 and Amendment of 1844, section 4) we have no jurisdiction and that a judgment in such event would be void and further complicate the controversy which should be permanently and finally settled in this case, if the record otherwise justifies it, we prefer to resolve any doubt we may entertain in this case as to our jurisdiction in favor of the jurisdiction of the Supreme Court, as was done in Heman v. Wade, 63 Mo. App. 363, 365, (same case 141 Mo. 598, 41 S. W. 740), and transfer it to the Supreme Court where the only conclusive adjudication may be made as to our jurisdiction. If we have erred in our action a motion filed in the Supreme Court to retransfer will obviate long delay, and result in the elimination of a question sufficiently doubtful to invite continued litigation and leave uncertain and debatable that which may easily be forever foreclosed.

We are of the opinion that the title of the plaintiffs to the lots which they claim to own will be directly affected by the judgment in this case and when this is the effect of the judgment we have no jurisdiction. [Coleman v. Lucksinger, 224 Mo. 1, 13, 123 S. W. 441; Turner v. Morris, 222 Mo. 21, 23, 121 S. W. 9; Springfield S. W. Ry. Co. v. Schweitzer, 246 Mo. 122, 128, 151 S. W. 128; Lowenstein v. Queen Ins. Co., 227 Mo. 100,

130, 127 S. W. 72.] While the decree in the case at bar does not specifically fix the boundary of the lots claimed by the plaintiff by meets and bounds it does establish a starting point for the points designated on the plat of the addition which directly and necessarily is intended to result in a change of the boundaries of the lots claimed by the plaintiffs different from that contended for by them and does as effectually divest from the plaintiffs and vest in the city portions of the land claimed by them as if the judgment of the court had particularly described each lot by meets and bounds. The title of the plaintiffs is as effectually involved as in the ejectment case of Dolphin v. Klann, 246 Mo. 477, 151 S. W. 956, a somewhat similar case. If the judgment in the case at bar stands or is reversed the title to the land in controversy, as between these parties, is certainly settled for all time and, hence, we think the judgment must involve title to real estate within the meaning of the Constitution.

Without going further and discussing a question upon which, under the Constitution, we cannot speak with final authority we feel that we have said sufficient to justify the course we pursue and, therefore, transfer the case to the Supreme Court.

*Farrington* and *Sturgis, JJ.,* concur.