### Charles R. CRITES and Karin Crites, Appellants,

v.

### SHO–ME DRAGWAYS, INC., a corporation, and Al Wilkerson and Cheryl Lynn Wilkerson, individually and as officers of Sho-Me Dragways, Inc., and Joe Stewart and Jean Stewart, Respondents.

### No. 14656.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 19, 1987.

Loren R. Honecker and J.R. Victor, Springfield, for appellants.

Daniel W. Imhof, Springfield, for respondents Sho-Me Dragways, Inc., Al Wilkerson and Cheryl Lynn Wilkerson.

Robert S. Wiley, Crane, for respondents Joe Stewart and Jean Stewart.

CROW, Chief Judge.

Charles R. Crites and Karin Crites ("plaintiffs") appeal from an order dismissing their third amended petition for injunction. This Court initially dismissed the appeal for lack of appellate jurisdiction, holding that the trial court's order was not a final judgment. The Supreme Court of Missouri ordered the cause transferred there and, in *State ex rel. Crites v. Sho-Me Dragways*, 719 S.W.2d 785 (Mo. banc 1986), ruled that this Court had jurisdiction over the appeal. Consequently, the Supreme Court retransferred the cause to this Court for a determination on the merits of the appeal.

The appeal presents a venue question.

Plaintiffs' third amended petition names five defendants, Sho-Me Dragways, Inc. ("Sho-Me"), Al Wilkerson, Cheryl Lynn Wilkerson, Joe Stewart and Jean Stewart. The petition alleges, among other things, that (1) Sho-Me is a Missouri corporation whose registered office is in Greene County, Missouri, and whose registered agent, Cheryl Lynn Wilkerson, resides in Greene County, (2) Al Wilkerson, likewise a resident of Greene County, is an officer and general manager of Sho-Me, and (3) Cheryl Lynn Wilkerson is an officer of Sho-Me. The petition further alleges that plaintiffs, residents of Christian County, Missouri, own a tract of land in that county on which they erected a dwelling house in 1982, which they have occupied as their permanent residence since that time. Additionally, the petition alleges that defendants Stewart, residents of Stone County, Missouri, own a tract of land in Christian County across the road from plaintiffs' dwelling. The petition avers that some three years after plaintiffs completed their residence, Sho-Me began operating a commercial drag strip racetrack on the Stewarts' land. Such activity, pleads the petition, causes (1) excessive noise, (2) littering of plaintiffs' property by rubbish discarded by drag strip patrons, and (3) blocking of access to plaintiffs' property by vehicles parked on the road by drag strip patrons. The petition seeks a temporary and permanent injunction barring the five defendants from permitting, maintaining or operating the drag strip, or from assisting in such activity.

Sho-Me and the Wilkersons moved for dismissal, alleging that Sho-Me "does no business" in Greene County, and that the Wilkersons are "merely agents, officers, and employees" of Sho-Me, and will consequently be bound by any judgment against Sho-Me. Emphasizing that the Stewarts are residents of Stone County, and that the activity sought to be enjoined is occurring in Christian County, the motion insisted that venue does not lie in Greene County.

Contemporaneously with the above motion, Sho-Me and the Wilkersons moved for dismissal on the additional ground that the petition failed to state a cause of action against them.

The Stewarts likewise moved for dismissal, contending that the petition failed to state a cause of action against them or against the Wilkersons, and that the petition failed to state facts showing that venue of an action against Sho-Me, alone, would lie in Greene County.

The trial court entered an order (a) dismissing the petition as to Sho-Me and the Stewarts for lack of proper venue, and (b) dismissing the petition as to the Wilkersons for failure to state a cause of action.

We first address that segment of the trial court's order dismissing the petition as to Sho-Me and the Stewarts for lack of proper venue. Sho-Me and the Stewarts argue that the trial court was correct in that ruling, as § 508.030, RSMo 1978, provides:

"Suits for the possession of real estate, or whereby the title thereto may be affected, or for the enforcement of the lien of any special tax bill thereon, shall be brought in the county where such real estate, or some part thereof, is situated."

Sho-Me and the Stewarts maintain that if plaintiffs obtain the relief they seek, the judgment will directly affect the Stewarts' title to their land, as valuable improvements thereon will be rendered worthless, and their property rights will be seriously limited. Consequently, so they say, § 508.-

030 requires plaintiffs to bring this suit in Christian County.

The argument is answered by *State ex rel. Cooper v. Goodrich,* 238 Mo. 720, 142 S.W. 300 (banc 1911). There, certain timber cutters claimed a contractual right to fell and remove standing timber from a tract of land in Osage County. The landowners objected, and prevented the timber cutters from entering the land and harvesting the timber. The timber cutters filed suit in the Circuit Court of Jackson County, seeking to enjoin the landowners from interfering with the cutting and removal of the timber. All parties to the suit were residents of Jackson County. The landowners challenged venue, asserting that § 1753, RSMo 1909 [1] (the forerunner of § 508.030, RSMo 1978), required that the action be brought in Osage County. The Supreme Court of Missouri rejected the landowners' argument, and held the suit was properly brought in Jackson County.

■ We perceive no difference in principle between *Cooper* and the instant case. In *Cooper*—as here—a suit seeking injunctive relief against owners of real estate was filed in a county other than the one where the real estate lay. If the statute did not require the timber cutters in *Cooper* to bring their suit in Osage County, it cannot require that plaintiffs in the instant case bring their suit in Christian County. Plaintiffs here do not seek possession of the Stewarts' land, nor do plaintiffs desire to remove anything therefrom. All plaintiffs want is an injunction abating the alleged nuisance resulting from the operation of the drag strip. If the relief sought in *Cooper* did not affect title to real estate, neither does the relief sought here. Accordingly, we hold that § 508.030, RSMo 1978, supplies no basis for upholding the trial court's order.

Even though § 508.030 does not compel plaintiffs to bring this suit in Christian County, it does not necessarily follow that venue lies in Greene County.

Insisting that it does, plaintiffs remind us that when one or more corporations are sued along with one or more individuals, the general venue statute, § 508.010, RSMo 1978, is applicable. *State ex rel. Dick Proctor Imports, Inc. v. Gaertner,* 671 S.W.2d 273, 274[1] (Mo. banc 1984); *State ex rel. Turnbough v. Gaertner,* 589 S.W.2d 290, 291 (Mo. banc 1979). Paragraph "(2)" of § 508.010 provides:

"When there are several defendants, and they reside in different counties, the suit may be brought in any such county;".

■ For the purpose of the above-quoted provision, the county of residence of a corporation is the county in which it maintains its registered office. Section 351.375.3, RSMo Cum.Supp.1984 [2]; *Dick Proctor Imports, Inc.,* 671 S.W.2d at 274–75; *State ex rel. Parks v. Corcoran,* 625 S.W.2d 686, 688[1] (Mo.App.1981). That is not to say that when an action involves *only corporate defendants,* venue lies in any county where any corporate defendant maintains its registered office. In such circumstances, venue is *not* governed by § 508.010, but is instead governed by § 508.040, RSMo 1978.[3] *State ex rel. Webb v. Satz,* 561 S.W.2d 113 (Mo. banc 1978), opinion corrected 606 S.W.2d 176. A registered agent is not an agent for the transaction of a corporation's usual and customary business within the meaning of § 508.-040. *State ex rel. Coca Cola Bottling Company of Mid-America v. Gaertner,* 681 S.W.2d 445, 447[1] (Mo. banc 1984);

---

1. Section 1753, RSMo 1909, provided: "Suits for the possession of real estate, or whereby the title thereto may be affected, shall be brought in the county within which such real estate, or some part thereof, is situate."

2. Section 351.375.3, RSMo Cum.Supp.1984, provides, in pertinent part: "The location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained."

3. Section 508.040, RSMo 1978, provides: "Suits against corporations shall be commenced either in the county where the cause of action accrued ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business."

*Wadlow v. Donald Lindner Homes, Inc.,* 654 S.W.2d 644, 647[3] (Mo.App.1983).

■ Having, we hope, made that clear, we hold that in the instant case—where venue is determined by § 508.010(2), *supra* —venue lies in Greene County, as it (according to the petition) is where Sho-Me maintains its registered office, and hence is Sho-Me's county of residence.

An alert reader will recognize, of course, that venue in Greene County hinges on the fact that there are individual defendants in this suit. Were there no individual defendants, venue, as we have seen, would be determined by § 508.040, and would not lie in Greene County. We need not, however, concern ourselves further with § 508.040, as there is no contention by the Stewarts that plaintiffs' naming of them as defendants amounted to pretensive joinder.[4] The trial court did not find that the Stewarts were pretensively joined, nor did the trial court dismiss the petition as to the Stewarts on the ground that it failed to state a cause of action against them. The trial court, as explained earlier, dismissed the petition as to the Stewarts on the ground of lack of proper venue. That ruling was erroneous, as the Stewarts' presence in the suit as defendants activated § 508.010(2), thereby allowing plaintiffs to sue in Greene County.

Our conclusion that the trial court erred in dismissing the action as to Sho-Me and the Stewarts for lack of proper venue does not dispose of this appeal, however, as we also have before us the trial court's dismissal of the action as to the Wilkersons for failure of the petition to plead a cause of action against them. Inasmuch as the case must be remanded for further proceedings as to Sho-Me and the Stewarts, we must necessarily decide whether plaintiffs may also proceed against the Wilkersons. That, of course, depends on whether plaintiffs have stated a claim against the Wilkersons on which relief can be granted.

The Wilkersons maintain that the petition fails to allege that either of them has done any act justifying injunctive relief against them personally. Furthermore, so they say, no cause of action is stated against them merely by designating them as corporate officers of Sho-Me, as any injunction against Sho-Me "will be binding upon all officers and agents of the corporation."

Plaintiffs respond that the petition avers that the conduct they seek to enjoin is being carried on by the "Defendants," not just by Sho-Me. Moreover, say plaintiffs, because of the closely held nature of Sho-Me, there is a danger that if it alone were enjoined from operating the drag strip, the Wilkersons might operate it as individuals or in the name of a different corporate entity.

In reviewing the trial court's dismissal of the petition as to the Wilkersons for failure to state a claim upon which relief can be granted, the sole issue to be decided is whether, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to plaintiffs, the averments invoke principles of substantive law entitling plaintiffs to relief. *Lowrey v. Horvath,* 689 S.W.2d 625, 626[1] (Mo. banc 1985); *Shapiro v. Columbia Union National Bank and Trust Company,* 576 S.W.2d 310, 312[1] (Mo. banc 1978), *cert. denied,* 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979).

■ Plaintiffs have endeavored to plead a cause of action for injunctive relief to abate a private nuisance. A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land. *Sofka v. Thal,* 662 S.W.2d 502, 508[8] (Mo. banc 1983). There is liability for nuisance only to those whom it causes significant harm, of a kind that would be suffered by a normal person in the community or by property in normal condition and used for a normal purpose. *Id.* at 508[9]. By significant harm is meant harm of importance, involving more than

---

**4.** Pretensive joinder and its consequences are discussed in *Coca Cola,* 681 S.W.2d at 447–48[4– 6].

slight inconvenience or petty annoyance, determined by the standard of normal persons or property in the particular locality. *Id.*

 Measured by the above standards, the petition, in our opinion, pleads a cause of action against the Wilkersons. Allowing the petition its broadest intendment and construing all allegations favorably to plaintiffs, the petition avers that the Wilkersons individually, along with Sho-Me and the Stewarts, are engaging in the conduct that constitutes the alleged nuisance. Whether the Wilkersons are indeed doing so is, obviously, a fact question to be determined from the evidence, and we naturally express no opinion on whether such allegations are true. All we decide is that gauged by *Lowrey, Shapiro* and *Sofka,* the petition is sufficient to withstand a motion to dismiss. Having decided that, we need not, and do not, decide whether a cause of action could have been stated against the Wilkersons by alleging only that they are corporate officers of Sho-Me.

Our holding that the petition pleads a cause of action against the Wilkersons individually further confirms venue in Greene County under § 508.010(2). Venue in Greene County does not, therefore, hinge solely on the presence of defendants Stewart in the suit.

The order dismissing plaintiffs' third amended petition for injunction is reversed, and the cause is remanded for further proceedings consistent with this opinion.

GREENE, P.J., and MAUS, J., concur.