EDWARDS v. MISSOURI, KANSAS AND EASTERN RAILWAY COMPANY, Appellant.

Division One, March 7, 1899.

| 148 | 513 |
| †148 | 517 |
| 149 | 609 |
| 148 | 513 |
| 157 | 168 |
| 158 | 323 |
| 158 | 366 |
| 86a | 379 |
| 148 | 513 |
| d162 | 433 |
| 148 | 513 |
| 171 | †688 |

1. **Appeals**: AMOUNT INVOLVED: TITLE TO REAL ESTATE. To give the Supreme Court jurisdiction of an appeal, on the ground that title to real estate is involved, it is not sufficient that the question of title may be incidentally, collaterally or necessarily inquired into to settle the issues. The judgment to be rendered must directly affect the title. If the judgment is a general one for so much money, and can be satisfied by the payment of that sum, and it is less than $2,500, the appeal is to the proper court of appeals.

2. ———: ———: ———: DAMAGES TO LAND. The defendant ran its railroad through plaintiff's land, and he sued for the value of the lands thus appropriated, and it defended on the ground that a former owner of the land from whom plaintiff purchased, granted defendant the right of way and plaintiff purchased with knowledge of such grant. The judgment was for $985. *Held* that the Supreme Court did not have jurisdiction of the appeal.

*Appeal from Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

GEO. P. B. JACKSON for appellant.

If there should be any question raised as to the jurisdiction of this court to entertain the appeal in this case, it is only necessary to refer to the following cases: Musick v. Railroad, 114 Mo. 309; State ex rel. v. Rombauer, 124 Mo. 598; and Gray v. Worst, 129 Mo. 122.

ODON GUITAR and W. H. TRUITT, JR., for respondent.

VALLIANT, J.—Plaintiff sues to recover damages on account of the construction of defendant's railroad across his farm. The petition is in five counts: First, for the value of a strip of land one hundred feet wide, containing five and eighty-six one hundredth acres, alleged to have been wrongfully taken and appropriated as a right of way for defendant's railroad; second, damages occasioned to plaintiff's land not so appropriated by reason of its being intersected by the railroad; third, for the unskillful location and construction of the road bridges, etc., causing water to overflow and stand on plaintiff's land and render it unfit for cultivation; fourth and fifth, damages to crops caused by such overflow in 1893 and 1894 respectively. The aggregate amount of damages claimed in the five counts is $1,600.

The answer to so much of the petition as is predicated on the unlawful taking and appropriating of the land, is to the effect that a former owner of the land from whom plaintiff purchased, granted defendant's assignor the right of way for the railroad and the plaintiff purchased with knowledge of the grant. The other matters in defendant's

answer are aimed to meet the charges of improper construc-
tion and location of the road, etc., which are independent of
the question of defendant's right of way.

There was a verdict for plaintiff on the first, second,
third and fifth counts, aggregating $985, and for defendant
on the fourth count.   After motion for new trial, etc., de-
fendant brings the cause here by appeal.

The amount involved is less than twenty-five hundred
dollars, but the jurisdiction of this court is invoked on the
idea that title to real estate is involved.

Among the classes of which jurisdiction is conferred on
this court by section 12, article VI of the Constitution, are
"cases involving title to real estate."

The decisions construing that clause were carefully re-
viewed and its meaning clearly defined in a recent decision of
this court.    [Price v. Blankenship, 144 Mo. 203.]    In that
case the court through MARSHALL, J., said: "It is now firmly
settled that to give this court jurisdiction under section 12,
article VI of the Constitution, because the title to real estate
is involved, it must appear that the title to real estate will, in
some way, be directly affected by the judgment to be rendered
in the case.    It is not sufficient that the question of title may
be incidentally, collaterally or necessarily inquired into to
settle the issues.    The judgment to be rendered must directly
affect the title itself to the real estate.    If the judgment of
the lower court could be satisfied by the payment of money
without affecting the title to real estate, the case would not
fall within our jurisdiction under this provision of the Con-
stitution."

And in a more recent case by BRACE, J., the same inter-
pretation of that clause was given.    [Rothrock v. Lumber
Co., 146 Mo. 57.]

These decisions do not hold, however, that to give this
court jurisdiction in such case the title to the land must be
settled by the judgment, but that it must be directly affected.

A suit in equity, for example, wherein the validity of a mortgage or other deed affecting title to real estate is in question, is within the provision of the Constitution.

Under the interpretation above quoted, it is clear that title to real estate is not involved in this suit. Plaintiff only asks damages for the injury he alleges he has sustained, and defendant can settle the judgment for $1,000. Plaintiff says in his petition that defendant has permanently appropriated some of his land to its use, and now he sues, not to get the land back, but the money value of it. When he says defendant owes him for the value of the land he must concede the title to defendant. This suit may determine whether or not defendant is liable to pay plaintiff the value of the land, but whatever the judgment may be on that question, defendant's title to the land itself, if it has any, will be just the same after as before the judgment.

This cause is transferred to the Kansas City Court of Appeals. All concur, except MARSHALL, J., absent.