GAY, Appellant, v. MISSOURI GUARANTEE SAVING AND BUILDING ASSOCIATION et al.

### Division One, May 23, 1899.

Appeals: TITLE TO REAL ESTATE: SUIT TO ENJOIN FORECLOSURE OF DEED OF TRUST. The Supreme Court has no jurisdiction of an appeal in an action brought to enjoin the foreclosure of a deed of trust on the ground that the plaintiff is entitled to a credit of $800 on defendant's claim which is a sufficient amount to extinguish the debt.

*Appeal from Daviess Circuit Court.*—Hon. E. J. BROADDUS, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

Ed. E. Yates and Hicklin & Hicklin for appellant.

Alexander, Richardson & Allen for respondents.

VALLIANT, J.—This is a suit in equity to enjoin the defendants from selling plaintiff's land under a deed of trust. The appeal came to this court doubtless on the assumption that title to real estate is involved.

A very brief summary of the petition is: That the plaintiff, owning a house and lot in the city of Gallatin, borrowed of defendant corporation $800 and executed his deed of trust on the house and lot to secure the debt; the deed required that plaintiff should take out fire insurance on the house to the amount of $800 and assign the same to defendant as additional security; that plaintiff accordingly caused a policy to be issued by the Hartford Insurance Company for that amount and delivered to the defendant, the loss, if any, to be paid to defendant; the policy contained a provision to the effect that it would be void if any other insurance should be taken out without the written consent of the insurer; plaintiff had no knowledge of the contents of the policy, the same being in the possession of defendant company; that afterwards, plaintiff borrowed $200 more of defendant, and executed another deed of trust on the same property to secure the new loan, and the second deed contained a similar clause as to insurance to the amount of $200; the additional insurance was taken out in the Royal Insurance Company and that policy also deposited with the defendant company; no consent of the Hartford Company was obtained to the second insurance; afterwards the house was destroyed by fire; the defendant company collected of the Royal the $200 insurance, and if the Hartford insurance could also have been collected the plaintiff's debt would have been extinguished, but the Hartford refused to pay because its policy had become void by reason of the second insurance without its knowledge or consent; after applying the $200 collected on the second policy to the plaintiff's credit, the defendant company advertised the plaintiff's property for sale under the deeds of trust to satisfy what it claimed to be the balance of the debt.

The plaintiff's testimony tended to prove that the transactions relating to taking out both the insurance policies was conducted by the agents of defendant company; that neither

policy ever came into the hands of plaintiff, the premiums were paid by the defendant and the amount deducted from the money loaned to plaintiff before paying the balance over to him.

The theory of the plaintiff's case is that defendant company having undertaken to attend to the insurance feature of the business and managed it so negligently that plaintiff lost the $800 which, with what he had previously paid, and the $200 collected from the Royal company, would have extinguished his debt, it would be inequitable to allow the defendant company to sell his land as by the strict letter of the deeds of trust unrelieved in equity it could do. In other words the plaintiff's contention is that upon an equitable statement of the account he would be entitled to a credit of $800 which would extinguish the mortgage debt. How is the title to real estate involved in that controversy?

The validity of the deeds is not questioned. If the decree should be in plaintiff's favor the effect would be that he would have credit on his mortgage debt for $800 in addition to undisputed credits, and if that were sufficient to cancel the debt the decree would be that the mortgage was satisfied; if not sufficient to cancel, then the decree would ascertain the balance of the mortgage debt remaining unpaid and direct foreclosure for that amount. In any event it is only a question of the amount of money due on the mortgage debt.

Suppose instead of being a deed of trust it was simply a mortgage, and defendant had filed a suit to foreclose it, and the plaintiff for defense had pleaded the facts he now pleads, not claiming that the mortgage was invalid, but that these conditions existed that entitled him in equity to a credit of $800 on the mortgage debt? Could it be said that title to real estate was involved?

It is not sufficient in order to give this court jurisdiction that title to real estate may be collaterally affected by the judgment, but it is essential that the title be involved in

Cobb v. St. L. & Han. R'y Co.

the controversy. [Price v. Blankenship, 144 Mo. 203; Roth-rock v. Lumber Co., 146 Mo. 57; Edwards v. Railroad, 148 Mo. 513.]

The title to the plaintiff's real estate is not involved in this suit, and no other ground appearing, this court is without jurisdiction; therefore the cause is transferred to the Kansas City Court of Appeals. All concur.