BONNER et al., Appellants, v. LISENBY et al.

Division One, June 12, 1900.

Appeals: TITLE TO LAND: JURISDICTION. This court has no jurisdiction of an appeal from a judgment for defendants in a suit in equity to cancel a deed of trust on the ground that the debt of $950 it was given to secure has been paid, where the only question is whether or not the debt has been paid, for that issue only incidentally involves title to real estate.

Transferred from St. Louis Court of Appeals.

Returned to St. Louis Court of Appeals.

*James R. Vaughan* for appellants.

*O. H. Travers* for respondents.

VALLIANT, J.—This is a suit in equity to cancel a deed of trust on the ground that the debt it was given to secure has been paid.

The petition is to the effect that plaintiffs, who are husband and wife, owned the land mentioned and executed a deed of trust conveying it to defendant Lisenby as trustee, with power of sale, to secure six notes aggregating $950, which were transferred to defendant Gottfried, who now holds them as collateral security to a $2,000 note he holds against Lisenby; that plaintiffs have paid their notes and the $2,000 note has also been paid, yet Gottfried pretends to the contrary and threatens to foreclose the deed of trust. The answer puts in issue the alleged payments. Upon the trial it was shown that Gottfried held the $2,000 note of Lisenby and the latter had given him as collateral quite a number of notes of different persons amounting to about $3,800. It seems that these two men were not very strict with each other in the matter of business and it often occurred that Lisenby would call on Gottfried saying that such a person wanted to pay his note, being one of those so held as collateral, and Gottfried would hand the note to Lisenby who would collect it but not pay the money to Gottfried. After this had gone on for a time and Gottfried saw that his security was diminishing, he spoke to Lisenby about it and the latter gave him the notes of the plaintiff as collateral, and afterwards, according to the testimony of plaintiffs, Lisenby gave Gottfried another note with personal security for $750

and his own note for $250 secured on some lots in Seymour, these two last notes not as collateral but as payments *pro tanto* on the $2,000 note; but according to the testimony of defendants they were only taken as collateral.   If it should be found on the trial that the $750 and the $250 notes were taken as part payment, they, with other payments extinguished the $2,000 note, but if they were taken only as collateral, there is still a balance due on the $2,000 note amounting to as much as the plaintiffs' notes.   There was some evidence tending to show that plaintiff Bonner knew of the intimacy in business between Lisenby and Gottfried and during the time Bonner paid his notes to Lisenby, not knowing that they had been transferred to Gottfried, Lisenby representing that he held them and promising to get them and return them to Bonner.   Bonner rested in this way several years not doubting that Lisenby held the notes and would return them, until he discovered that his land was advertised for sale under the deed of trust and then he brought this suit. There was a finding and decree for defendants, the plaintiffs appealed to the St. Louis Court of Appeals, and the cause was transferred to this court on the idea that title to real estate is involved.

In the foregoing very brief statement we have aimed to show only the nature of the case with reference to the question of jurisdiction.

There is no question but that the land belongs to the plaintiffs and that the deed of trust is valid and that it is in force if it has not been paid.   The decree in this case can not effect the title to the land, that is, there is no question of title to be decided.   It is a mere question of whether or not certain acts constitute payments; it is a controversy over a debt claimed on the one side to have been paid and on the other to be still owing.   The land is only incidentally affected. This is not like the case where the validity of the deed of

trust is attacked.    In accordance with our recent rulings we hold that the title to real estate is not so involved in this case as to give this court jurisdiction. [Price v. Blankenship, 144 Mo. 203; Rothrock v. Lumber Co., 146 Mo. 57; Edwards v. Railroad, 148 Mo. 513; Gay v. Sav. & Bldg. Ass'n, 149 Mo. 606.]

The cause is therefore returned to the St. Louis Court of appeals.

All concur.