JOHN W. VANDEVENTER, Appellant, v. FLOR-
IDA SAVINGS BANK.

Division One, February 28, 1911.

1. **APPELLATE JURISDICTION:** Acquiescence. The court will not permit parties to confer jurisdiction upon it either by stipulation or by acquiescence.

2. —————: **Assignment and Payment of Note: Deed of Trust.** Where it is admitted that plaintiff is the owner of the land, and that the note for $200 was originally secured by a valid deed of trust thereon, and the only issues in the case are whether or not the note was assigned to defendant and whether or not it was paid prior to assignment, title to real estate is not involved, and the Supreme Court has no jurisdiction over the appeal from a judgment declaring defendant "is the owner of said note and entitled to the lien on said premises as created by said deed of trust, to the extent and amount of the sum now due and unpaid on said note."

Appeal from Monroe Circuit Court.—*Hon. David H. Eby*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

WOODSON, P. J.—The plaintiff instituted this suit against the defendant in the circuit court of Monroe county, which resulted in a judgment in favor of the latter, and the former appealed the cause to this court.

The petition filed therein (formal parts omitted) is as follows:

"Plaintiff states that defendant is a banking corporation duly organized and existing under the laws of the State of Missouri and engaged in the banking business in Monroe county in said State.

"Plaintiff for cause of action states that he owns and claims to have the title in fee simple, free and clear of all incumbrances whatsoever, in and to the following described real estate, situate in the county of Monroe and State of Missouri, to-wit: The northwest one-fourth of the southeast quarter and the northeast one-fourth of the southwest quarter of section four, township fifty-four of range eight.

"Plaintiff further states that on the 29th day of March, 1897, one John P. Goss, who then owned the above described premises, being joined by his wife, made, executed and delivered a certain deed of trust, conveying said premises to one A. D. Bell, in trust, for W. B. Vanschoaick and J. T. Kendall, administrators of the estate of J. H. Hobbs, deceased, to secure to said administrators the payment of a certain promissory note; that defendant claims to have obtained title to said note by assignment from said administrators and in consequence thereof to have a lien on said premises under and by virtue of said deed of trust, but that plaintiff avers that said defendant has no interest in or lien upon said premises, for that said defendant did not acquire title to said note, and for the further reason that said note was fully paid off and discharged while in the hands of said administrators and the lien of the said deed of trust was thereby extinguished.

"Wherefore plaintiff prays the court to try, ascertain and determine the interests of plaintiff and defendant, respectively, to the real estate hereinbefore described, and by its decree to adjudge, settle and define whatever interests the several parties, plaintiff and defendant, may have in and to the same."

The answer (formal parts omitted) is as follows:

"Now at this day comes the defendant herein, and for its answer to plaintiff's petition herein filed, admits that it is a corporation duly organized and existing under the laws of the State of Missouri, as therein alleged, and for its further answer to plaintiff's petition denies that plaintiff is the owner in fee simple, free and clear of all incumbrances whatsoever, of the following real estate, situate in the county of Monroe and State of Missouri, to-wit: The northwest one-fourth of the southeast quarter and the northeast one-fourth of the southwest quarter of section four, township fifty-four, range eight west.

"Defendant admits that on the 29th day of March, A. D. 1897, one John P. Goss, who then owned the above described premises, being joined by his wife, made, executed and delivered a certain deed of trust, conveying said premises to one A. D. Bell, in trust for W. B. Vanschoaick and J. T. Kendall, administrators of the estate of J. H. Hobbs, deceased, to secure to said administrators the payment of a certain promissory note, and admits that defendant claims to have obtained the title to said note by assignment from said administrators, and in consequence thereof to have a lien on said premises under and by virtue of said deed of trust, and avers the fact to be, that on the 11th day of February, 1899, and while said note was yet the property of the said W. B. Vanschoaick and J. T. Kendall, as administrators of the estate of J. H. Hobbs, the said Kendall and Vanschoaick, as administrators of the estate of the said J. H. Hobbs, for value received, assigned said note and delivered the same to this de-

fendant, and that in consequence thereof this defendant became and now is the owner of said note and the owner and entitled to a lien on said premises under and by virtue of the said deed of trust, so made and executed by the said John P. Goss, and his said wife, and as the owner thereof is entitled to the lien on said premises and to the rights therein as conveyed by said deed of trust; and for its further answer denies that said note was fully paid off and discharged while in the hands of said administrators and the lien of the said deed of trust thereby extinguished.

"Wherefore, the defendant prays the court for an order declaring this defendant to be the owner of said note and to be entitled to the.lien on said premises as created and is, under and by virtue of the terms of said deed of trust, and to declare the defendant to be the owner of and entitled to a lien to the extent and value of the amount due and unpaid upon said note for which said deed of trust was given to secure the payment of, and for such other, further and general orders and decrees as it may be entitled to in the premises."

The reply was as follows:

"Now comes plaintiff and for reply to defendant's answer herein denies each and every allegation of new matter therein contained."

The findings of fact were in favor of the defendant, and the decree was as follows:

"It is therefore considered, ordered and adjudged by the court that defendant, Florida Savings Bank, is the owner of said note and the lien on said premises as created under and by virtue of said deed of trust, to the extent and amount of the sum now due and unpaid in said note; and that subject to the provisions of said deed of trust filed for record April 3, 1897, in the office of the Recorder of Monroe County, Missouri, and recorded in said office in vol. 28 at page 329, the plaintiff, John W. Vandeventer, is the owner

in fee of said premises, the same being and being described as the northwest one-fourth of the southeast quarter, and the northeast one-fourth of the southwest quarter of section four, township fifty-four of range eight, and in Monroe county and in the State of Missouri. It is further ordered and adjudged by the court that said defendant have and recover from said plaintiff its costs herein incurred or expended, and that execution may issue therefor.''

I. Counsel for both parties seem to take it 'for granted that this suit was instituted under section 650, Revised Statutes 1899, and that it involves title to real estate. If those facts are true, then this court has jurisdiction of the cause, and the appeal was properly brought here. If, upon the other hand, title to real estate is not involved, then this court has no jurisdiction, for the reason that the amount involved is only $200, nor is there a constitutional or Federal question involved, and the appeal should have been taken to the St. Louis Court of Appeals, notwithstanding the fact that neither party has raised the question.

This court must guard its own jurisdiction and will not permit parties litigant to confer jurisdiction upon it either by stipulation or by acquiescence.

The prayer of the petition and answer is that the court ascertain and determine the interests of each of the parties in and to the land described therein, under and by virtue only of the existence of the note and deed of trust. The title to the land is conceded to be in the appellant, and it is also conceded that the deed of trust was duly executed by the then owner, and was timely recorded in the Recorder's office of Monroe county.

By reading the petition and answer in the light of those conceded facts, it will be clearly seen that there are but two issues tendered thereby; first, was the note mentioned therein legally sold and transferred by the

administrators of the estate of J. H. Hobbs to the defendant? and, second, had the note been paid off and discharged prior to said sale and transfer?

Clearly, the determination of neither of those questions can or will affect the title to the real estate described. It was the execution of the deed of trust that created the lien upon the land; and if it should be held that the note which the deed of trust was given to secure had not been paid, still that fact would not create a lien on the land, for the reason that if the lien exists, it is because of the execution of the deed of trust and the failure of the maker of the note which the deed was given to secure to pay it off.

In the case of Gay v. Savings & Building Association, 149 Mo. 606, the plaintiff brought injunction to prevent the sale of real estate under a deed of trust. There the plaintiff was the maker of the deed of trust, and sought to enjoin a sale of the mortgaged property on the ground that the debt had been paid, that is, he claimed that in an accounting with the defendant he was entitled to a credit of $800, which, if allowed, would cancel the debt. There, as here, the validity of the deed of trust was not in question; and in discussing that case the court said: "In any event it is only a question of the amount of money due on the mortgage debt." For that reason it was held that the court had no jurisdiction of the cause, and it was transferred to the Court of Appeals.

In the case of Bonner v. Lisenby, 157 Mo. 165, the plaintiff brought a suit to cancel a deed of trust on the ground that the debt of $950, which it was given to secure, had been paid. In discussing that question, this court, in speaking through VALLIANT, J., on page 167, said: "There is no question but that the land belongs to the plaintiffs and that the deed of trust is valid and that it is in force if it has not been paid. The decree in this case cannot affect the title to the land, that is, there is no question of title to be

decided. It is a mere question of whether or not certain acts constitute payments; it is a controversy over a debt claimed on the one side to have been paid and on the other to be still owing. The land is only incidentally affected. This is not like the case where the validity of the deed of trust is attacked. In accordance with our recent rulings we hold that the title to real estate is not so involved in this case as to give this court jurisdiction. [Price v. Blankenship, 144 Mo. 203; Rothrock v. Lumber Co., 146 Mo. 57; Edwards v. Railroad, 148 Mo. 513; Gay v. Savings and Building Association, 149 Mo. 606.] The cause is therefore returned to the St. Louis Court of Appeals.''

In Vandergrif v. Brock, 158 Mo. 681, the plaintiff brought suit for an accounting, claiming that he had made payments on a note secured by a deed of trust on certain lands, which, if they had been credited on the note, would have fully paid the same, and asked for a cancellation of the deed. In treating that question, Brace, P. J., on page 686, in speaking for the court, said: ''But it is obvious on the face of the pleadings, that the validity of the deed of trust and of the title thereunder is not in issue in this case. On the contrary the validity of the deed of trust is conceded, and upon it the plaintiff predicates his right of action to have credited upon the note secured thereby payments which he alleges he has made but which have not been credited. What he seeks is an accounting of those payments, and their application to the note secured by the deed of trust, with a prayer for the relief he would be entitled to if he succeeds in establishing those payments in whole or in part. There is no controversy whatever about the title to the land. In order to give this court jurisdiction it is not sufficient that title to real estate may be affected by the judgment, but that the title should be in issue on the trial in which the judgment is rendered, otherwise title to real estate is not involved in the case within

the meaning of the Constitution. [Ozark Land Co. v. Robertson, 158 Mo. 322, and cases cited; Gay v. Savings & Bldg. Ass'n, 149 Mo. 606; Bender v. Zimmerman, 145 Mo. 636; Heman v. Wade, 141 Mo. 598; May v. Mortgage Trust Co., 138 Mo. 447; McGregor v. Pollard, 130 Mo. 332; Bailey v. Winn, 101 Mo. 649; State ex rel. v. Court of Appeals, 67 Mo. 199.] As was said per BLACK, J., in Bailey v. Winn, supra, approved in McGregor v. Pollard, supra: 'It is not enough that the judgment, when carried into execution, will affect the title to land. The title must be involved in the suit itself, and be a matter about which there is a contest.' . . . And the same answer must be returned to a like inquiry in this case, in which the issue is of the same nature. . . . It follows from what has been said that this case must be remanded to the St. Louis Court of Appeals for final determination, and it is so ordered."

In Christopher v. People's Home & Savings Association, 180 Mo. 568, the validity of the deed of trust given on land to secure a certain bond and coupons attached was not called in question, but its cancellation was sought on the ground that the bond had been paid or otherwise satisfied. It was there held that this court had no jurisdiction of the cause, for the reason that the title to the real estate was not involved, and the cause was transferred to the Kansas City Court of Appeals.

To the same effect are Stark v. Martin, 204 Mo. 433; Turner v. Morris, 222 Mo. 21, and Loewenstein v. Insurance Co., 227 Mo. 100.

The case at bar does not proceed upon the theory that the deed of trust in question was procured by fraud, and constituted a cloud upon his title, and ask for its removal therefrom, as was done in the case of Loewenstein v. Insurance Co., supra.

We must confess that we are at a loss to know just

232 Sup.—40

what learned counsel seek to accomplish by this suit; nor can we see what is the object the decree here has accomplished. It simply declares that the respondent "is the owner of said note and the lien on said premises *as created under and by virtue of said deed of trust* to the extent and amount of the sum now due and unpaid on said note." It does not decree whether the note has been paid or not, nor does the petition or answer ask for such a decree. But, however that may be, we are unable to see any difference in the principle underlying this case and the one upon which the cases previously cited are bottomed.

We are, therefore, of the opinion that this court has no jurisdiction of this case, and that it should be transferred to the St. Louis Court of Appeals; and it is so ordered.

All concur, except *Valliant, J.,* absent.