CLAUDE HARDWICKE v. RICHARD BARNES, Appellant.

Division One, December 6, 1913.

**APPELLATE JURISDICTION: Removal of Mortgage as Cloud on Title: Extension of Note: Release of Surety.** A suit to have a certain deed to a tract of land, made by the signer of the note, who was the owner of the land, declared to be a mortgage, on the ground that said signer was a surety, and the note was not paid at maturity, and the payee extended the time of payment, in consequence of which the said surety was released from further liability thereon, and the deed or mortgage was in law satisfied, and praying that it be removed as a cloud upon the title of plaintiff, who claims under a subsequent deed of trust made by the said surety, does not involve title to real estate. The determination of the only

question involved, namely, whether the mortgage was satisfied by reason of the alleged extension of the time of payment without the consent of the surety, does not involve the title to the land conveyed by the deed.

Appeal from Platte Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

RETRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Fyke & Snider* for appellant.

*Guy B. Park* for respondent.

WOODSON, P. J.—This suit was instituted by the plaintiff in the circuit court of Clay county against the defendant, to have a certain deed of trust declared satisfied and that the pretended lien thereof be removed as a cloud upon the title to a certain tract of land therein described.

A change of venue was taken and the cause was sent to the circuit court of Platte county where a trial was had which resulted in a judgment in favor of the plaintiff, cancelling the deed; and the defendant duly appealed the cause to the Kansas City Court of Appeals.

The latter court, I take it, of its own motion, transferred the cause to this court for the reason assigned, that title of real estate was involved therein, which deprived it of jurisdiction.

The facts of the case are few and undisputed.

On and prior to December 17, 1889, Henry P. Lindenman, was the owner of the tract of land mentioned; and on that date the Thornton Distilling & Milling Company, a corporation, of which Lindenman was the treasurer, was indebted to the defendant, Richard S. Barnes, in the sum of $7000, evidenced by a promissory note due eighteen months after date, bearing eight per cent interest, which was signed by said distilling company, by Henry P. Lindenman, treasurer, and others.

On said 17th day of December, in order to secure the payment of said note, Lindenman executed to defendant a deed conveying to him said real estate, which provided upon its face that upon the payment of said note, the defendant was to reconvey said land to said Lindenman. The deed was duly filed for record on August 3, 1891.

Also on said 17th day of December the distilling company to further secure the payment of said note, executed to S. G. Sandusky, trustee, a deed of trust in which defendant was named as beneficiary, conveying to him certain other lands which belonged to said company, but not involved in this suit.

On January 28, 1891, Lindenman executed to Samuel Hardwicke, trustee, a deed of trust, wherein W. C. Lemon was named as the beneficiary, conveying the first tract mentioned, and the one claimed to be here involved, to secure seven promissory notes therein described, aggregating fourteen hundred dollars. Said deed was also duly filed for record a few days after its execution.

At the date of the institution of this suit and for some six years prior thereto, the defendant was in the possession of said land.

Samuel Hardwicke, the trustee in said deed of trust, died in the year 1895.

The petition charges that the notes mentioned in the second deed of trust were for value received, assigned and transferred (but the date not given) by said Lemon, and were then and had been for a number of years, owned by the plaintiff. That there was a balance of $2250 then due thereon.

The petition also charged that the defendant's said note for $7000 had been satisfied; that the latter's claim of right to the possession of said land was by virtue of said first deed of trust; that it constituted a cloud upon plaintiff's title to said land, which he asked to have removed; and prayed that the deed from Linden-

man to defendant be declared a mortgage and, as such, to have ceased to be of any force and effect, by reason of the said discharge of said Lindenman as security on said note, and by reason of the satisfaction of said note, and for such other relief as the court might deem meet and proper.

It is not claimed by plaintiff that the defendant's note for $7000 had been fully paid; but his claim is that said note was not paid at maturity and that the defendant extended the time of the payment thereof, in consequence of which the securities thereon, including Lindenman, were released from further liability thereon, and that therefore the deed or mortgage executed by Lindenman to defendant conveying said land was satisfied.

There was evidence introduced *pro* and *con* upon those questions, but from the view we take of the case, it will not be necessary to go into that.

From reading the statement of the case it is seen that there was no dispute as to Lindenman's title to the land mentioned, nor was there any question as to the validity of the mortgage given thereon by him, as security for the payment of the $7000 note. That being true, then the only question involved is whether or not the mortgage mentioned was satisfied by reason of the alleged extension of the time of payment without the consent of the securities.

**Appellate Jurisdiction: Release of Sureties on Mortgage Note.**

The decision of that question one way or the other would in no manner involve the title to the real estate mentioned.

The same principle was involved in the case of Vandeventer v. Bank, 232 Mo. 618.

It was there held that where the plaintiff owned the land and the note for $200 was secured by a valid deed of trust thereon, and the only issues in the case were whether or not the note had been assigned to defendant and whether or not it had been

paid before the assignment, title to the real estate conveyed by the deed of trust was not involved; and that, therefore, this court had no jurisdiction of the cause.

So in the case at bar, the only issue in the case is, were the sureties on the $7000 note released therefrom by the said extension of the time of its payment without their consent?

The decision of that question one way or the other does not involve the title to the land mentioned, and this court, therefore, has no jurisdiction of the case, since there is but a small sum due and unpaid on said note.

This court having no jurisdiction of the cause, the case is retransferred to the Kansas City Court of Appeals to be disposed of according to law.

All concur.