GOLD LUMBER COMPANY ET AL. v. RUSSELL W. BAKER ET AL., Appellants.—25 S. W. (2d) 457.

Division One, March 5, 1930.

*H. K. Bente* for appellants.

*H. T. Williams* for respondents.

GANTT, J.—Equitable action under Article 3, Chapter 61, Revised Statutes 1919, for the adjudication and determination of all liens and interests affecting lots 5 and 6, block 2, Hendrick's Addition to Sedalia, Sections 7240 to 7247, inclusive, Revised Statutes 1919. The first count of the petition covers material furnished by plaintiff, and the other counts cover material and labor furnished by others who assigned their claim to plaintiff. Personal judgment was sought on each count against Russell W. Baker and Nellie Baker, owners of the property.

The substance of defendant Slane's answer is that on February 19, 1926, he loaned to Russell W. and Nellie Baker $1200, evidenced by two $600 notes, payable to him, and secured by a deed of trust on said property; that he transferred one of said notes to Joseph Hirtl, and the other to B. S. Tavener; that on February 28, 1926, the residence on the lots was partially destroyed by fire; that the

Bakers collected $875 insurance and deposited same with him, to be used in repairing the house; that they did not repair the house, but, contrary to their agreement with him and without his consent, built a new house, expecting to negotiate a loan for $2700, pay the two $600 notes and use the balance to pay for the new house; that on June 1, 1926, they executed and delivered to a loan company their note and deed of trust on said property for $2700; that plaintiff, its assignees and defendant Sellers knew of the negotiations for said loan and filed their accounts with and requested the loan company to pay them, and that they thereby waived their rights, if any, to claim priority over the $1200 deed of trust; that to hold the mechanic's liens of plaintiff superior to the lien of Slane's deed of trust would deprive Slane of his property without due process of law in contravention of Sections 30 and 20 of Article 2 of the Constitution of Missouri, and Article 14 of the Amendments of the Constitution of the United States.

Wherefore, he prayed that his deed of trust be decreed a first lien on the property and superior to all mechanic's and other liens and for such other and further relief as the court may deem just and proper.

Joseph Hirtl entered his appearance and filed answer similar to the answer of Slane. Jessie A. and C. C. Williams answered, admitting the allegations of the petition, excepting that portion stating that the interest of plaintiff in the property is prior to their interests; that they claim an interest by virtue of a deed of trust to secure the payment of a note for $135 payable to Jessie A. Williams; and that said deed of trust is for the balance due on the purchase price of said property. Wherefore, said defendants ask the court to determine and adjudicate their interest, etc.

Defendant R. F. Sellers answered that the Bakers were indebted to him in the sum of $240 for labor and materials furnished for the erection of the house; and that he duly filed his lien account in the office of the Circuit Clerk of Pettis County. Wherefore, he prays judgment on his account and that the interests of the parties be adjudicated and determined.

The replies are in effect general denials. B. S. Tavener is not a party to the proceeding.

It will not be necessary to set forth the finding and judgment. It is sufficient to state that the court rendered a personal judgment against the Bakers on each count of the petition and determined the amount paid on the Slane note and the priority as between the liens of the deeds of trust and the mechanic's liens.

Defendants Slane and Hirtl appealed. Hirtl did not favor us with brief or oral argument. It is suggested that Hirtl and Tavener

are no longer interested, having sold the notes to Slane, from whom they purchased them.

The record challenges our jurisdiction. The amount involved is less than $3,000, and the title of the Bakers and the validity of the deeds of trust are not questioned. The controversy involves the questions only of payment on the Slane note and priority as between liens. Title is not in issue. [Stark v. Martin, 204 Mo. 433, l. c. 439, 102 S. W. 1089; King v. Hays, 4 S. W. (2d) 1062; Nettleton Bank v. Estate of McGauhey, 318 Mo. 948, l. c. 952, 2 S. W. (2d) 771; Hydraulic Press Brick Co. v. Lane, 205 S. W. 801; Schroer v. Brooks, 200 S. W. 1068; Corbett v. Brown, 263 S. W. 233; Bonner v. Lisenby, 157 Mo. 165, 57 S. W. 735; Vandeventer v. Bank, 232 Mo. 618, 135 S. W. 23; Dubowsky v. Binggeli, 258 Mo. 197, l. c. 200, 167 S. W. 999; Hardwicke v. Barnes, 253 Mo. 6, 161 S. W. 744.]

We next consider the constitutional question. Defendant contends that "to permit the plaintiffs for themselves or as assignees of certain liens and the defendant Rugen F. Sellers to have a prior lien over the deed of trust of T. M. Slane, would be to deprive the said defendant and those to whom he sold said notes of their property without due process of law in contravention of Sections 30 and 20 of Article 2 of the Constitution of the State of Missouri, and Article 14 of the amendments of the Constitution of the United States."

The trial court had jurisdiction of the person and subject-matter. Issues were tendered by the pleadings. Evidence heard and judgment rendered. We think the proceeding furnished the defendant a full measure of "due process of law." It is the contention that contravention of the cited provisions of the constitutions follows a decision against defendant. The question is without substance and this court is without jurisdiction. On exceptions taken, the errors, if any, are subject to review. [Woody v. Ry., 173 Mo. 547, l. c. 550, 73 S. W. 475; Jones v. Yore, 142 Mo. 38, l. c. 44, 43 S. W. 384; Davidson v. Insurance Co., 151 Mo. App. 561, 132 S. W. 291; Berryman v. Insurance Co., 197 S. W. 850; Carson v. Ry., 184 S. W. l. c. 1041; Stegall v. Chemical Co., 263 Mo. 719, 173 S. W. 674; Dorrah v. Bank, 248 S. W. 960; McManus v. Burrows, 280 Mo. 327, 217 S. W. 512; Berberet v. Amusement Co., 310 Mo. 655, l. c. 664, 276 S. W. 36.]

It follows that the case should be transferred to the Kansas City Court of Appeals. It is so ordered. All concur.