JIM CARLSON CONSTRUCTION,
INC., Respondent,

v.

William G. BAILEY and Judy
Bailey, Appellants.

No. WD 40953.

Missouri Court of Appeals,
Western District.

May 9, 1989.

Robert H. Modeer, Kansas City, for appellants.

David Keith Holdsworth, Liberty, for respondent.

Before SHANGLER, P.J., and
LOWENSTEIN and FENNER, JJ.

FENNER, Judge.

Appellants, William and Judy Bailey, (hereinafter referred to as the Baileys), appeal the denial by the trial court of their Application to Compel Arbitration in regard to a contract dispute between them and respondent, Jim Carlson Construction, Inc., (hereinafter referred to as Carlson Construction).

The Baileys entered into a contract on October 29, 1986, with Carlson Construction for the construction of a residential dwelling. The parties used a standard form contract prepared by the American Institute of Architects. The standard form contract used is referred to on the face of the contract as AIA Document A101. The contract is entitled "Standard Form of Agreement Between Owner and Contractor where the basis of payment is a STIPULATED SUM 1977 EDITION", (hereinafter referred to as the Agreement).

Jim Carlson, president of Carlson Construction, selected the Agreement for use by the parties herein, filled in the blanks on the agreement and presented it to the Baileys.

On April 26, 1986, Carlson Construction filed suit against the Baileys for breach of the contract. On June 15, 1988, the Baileys filed an Application to Compel Arbitration pursuant to Section 435.355, RSMo 1986.

The Application to Compel Arbitration was denied by the trial court.

The Baileys argue on appeal that the trial court erred in denying their Application to Compel Arbitration in that the Agreement incorporated by reference certain general conditions which contained a clause that required arbitration of all disputes relating to Contract Documents.

Article 1 of the Agreement provides as follows:

## ARTICLE 1

### THE CONTRACT DOCUMENTS

The *Contract Documents consist of this Agreement, the Conditions of the Contract (General,* Supplementary and other Conditions) the Drawings, the Specifications, all Addenda issued prior to and all Modifications issued after execution of this Agreement. *These form the Contract, and all are as fully a part of the Contract as if attached to this Agreement or repeated herein.* An enumeration of the Contract Documents appears in Article 7. (emphasis added)

The conflict herein, as to whether or not the Agreement requires arbitration, arises from the provisions of Article 7 of the Agreement. Article 7 of the Agreement provides as follows:

## ARTICLE 7

### MISCELLANEOUS PROVISIONS

7.1 Terms used in this Agreement which are defined in the Conditions of the Contract shall have the meanings designated in those Conditions.

7.2 *The Contract Documents, which constitute the entire agreement between the Owner and the Contractor, are listed in Article 1 and,* except for Modifications issued after execution of this Agreement, *are enumerated as follows:* (*List below* the Agreement, *the Conditions of the Contract (General,* Supplementary, and other Conditions), the Drawings, the Specifications, and any Addenda and accepted alternates, showing page or sheet numbers in all cases and dates where applicable.) (emphasis added)

Closing will be no later than ten days after contractor notifies owner that home is complete. Owner is responsible for all meter deposits.

There were no contract documents enumerated following Section 7.2 under Article 7. Additionally, there were no other documents attached to the contract when it was signed by the Baileys.

On the face of the Agreement under the title thereto, is the notation, "Use only with the 1976 Edition of AIA Document A201, General Conditions of the Contract for Construction", (hereinafter referred to as the General Conditions). The record contains a copy of the General Conditions document. Article 7 of the General Conditions document is entitled Miscellaneous Provisions. Subsection 7.9 of Article 7 is entitled Arbitration and requires arbitration of all contract disputes.

Respondent argues that the trial court was correct in denying the Baileys Application to Compel Arbitration because the Agreement did not incorporate the general conditions which require arbitration.

The standard for review of this appeal is as set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), which requires that the judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law.

It is well settled that matters incorporated into a contract by reference are as much a part of the contract as if they had been set out in the contract in haec verba. *Three–O–Three Investments, Inc. v. Moffitt,* 622 S.W.2d 736, 738 (Mo.App.1981).

Respondent argues that any reference to a document which is to be incorporated in a contract must be definite, citing *Grand Lodge of the United Brothers of Friendship and Sisters of the Mysterious Ten v. Massachusetts Bonding & Ins. Co. et al.,* 324 Mo. 938, 25 S.W.2d 783 (1930). In

*Grand Lodge,* the appellant insurance company claimed they had no duty to pay a bond claim because the respondent had not fulfilled certain warranties which were specified in the application for bond, but not listed in the bond itself. The language of the Court in *Grand Lodge* relevant to this point is as follows:

> "... the alleged warranties appearing in the application for the bond, but not in the bond, are not a part of the bond, unless the bond refers to the application, or to statements made therein with sufficient definiteness to make the matter refer to a part of the bond." *Id.,* 25 S.W.2d at 785.

The case at bar is distinguishable from *Grand Lodge* in that the Agreement in the case at bar, under Article 1, adopts the General Conditions stating that they are fully a part of the Agreement as if attached to or repeated in the Agreement. The conflict in the case at bar arises from the language appearing in Article 7 of the Agreement. Section 7.2 of the Agreement states that "[t]he Contract Documents ... are listed in Article 1 and ... are enumerated as follows:". A notation next appears which reads: "(List below the agreement, the Conditions of the Contract (General, Supplementary, and other Conditions), the Drawings, the Specifications ...)". No such listing followed Section 7.2 and respondent argues this attributes to the Agreement being less than definite in making the general conditions part of the Agreement.

■ The mere fact that the parties disagree on the interpretation of a contract does not render the document itself ambiguous. The test is whether the disputed language, in the context of the entire agreement, is reasonably susceptible of more than one construction giving the words their plain and ordinary meaning as understood by a reasonable average person. *Enyeart v. Shelter Mutual Insurance Company,* 693 S.W.2d 120, 123 (Mo. App.1985). Whether a contract is ambiguous is a question of law for the court. *Id.* at 123, 124.

■ Even when there is ambiguity in a contract it is construed against the drafter, *Village of Cairo v. Bodine Contracting Co.,* 685 S.W.2d 253, 264 (Mo.App.1985), and seeming contradictions must be harmonized away if reasonably possible. *State Mutual Life Assurance Company of Worchester v. Dischinger,* 263 S.W.2d 394, 401 (Mo.1953). Furthermore, an interpretation of a contract or agreement which evolves unreasonable results, when a probable and reasonable construction can be adopted, will be rejected. *Tri–Lakes Newspapers, Inc. v. Logan,* 713 S.W.2d 891, 894 (Mo.App.1986).

■ The lack of enumeration of the contract documents after Section 7.2 of the Agreement does not render the Agreement in the case at bar ambiguous. In reviewing the Agreement as a whole, Article 1 definitively states that the general conditions are made fully a part of the contract as if attached to the agreement. The Agreement further states, under Section 7.2, that the Contract Documents which constitute the entire agreement are listed in Article 1. Section 7.2 of the Agreement does provide that "[t]he Contract Documents ... are enumerated as follows" and the notation immediately thereafter directs that among the contract documents to be listed are the Agreement, the General Conditions, the Drawings and the Specifications. However, it is not a reasonable interpretation of the contract to say that merely because the Agreement itself, the General Conditions, the Drawings and the Specifications are not listed following Section 7.2 that they are not a part of the contract and not binding upon the parties in spite of the otherwise definitive language of the contract to the contrary. If all of these documents were excluded as a part of the contract documents, there would be no contract; a proposition which neither of the parties advance.

The judgment of the trial court denying appellants' Application To Compel Arbitration erroneously applied the law and is therefore reversed.

This cause is remanded with directions to the trial court to order Respondent to sub-

mit its claim for arbitration as required under Section 7.9 of the General Conditions of the Agreement.

All concur.