Victor R. SABATINO and Kathryn
L. Sabatino, Appellants,

v.

LASALLE BANK, N.A., Respondent.

No. WD 60729.

Missouri Court of Appeals,
Western District.

Jan. 28, 2003.

R. Pete Smith, Hugh L. Marshall, Kansas City, MO, for Appellants.

Brett D. Anders, Christian J. Kelly, Kansas City, MO, for Respondent.

Before: BRECKENRIDGE, P.J., and HOWARD and HOLLIGER, JJ.

VICTOR C. HOWARD, Judge.

This is an appeal from the Platte County Circuit Court's judgment in favor of Respondent LaSalle Bank, N.A. ("LaSalle") on LaSalle's motion to dismiss. Appellants Victor and Kathryn Sabatino (the "Sabatinos") claim the trial court erred in granting LaSalle's motion to dismiss by finding that exclusive venue and jurisdiction lie in Cook County, Illinois, based on outbound forum selection clauses contained in various loan documents. We affirm the trial court's dismissal of plaintiffs' petition for the reasons set forth below.

## Background

On January 23, 1998, LaSalle loaned $20.5 million to Family Snacks, Inc. ("FSI"), a Missouri corporation. Victor Sabatino, the president of FSI, signed the loan documents on behalf of FSI. Kathryn Sabatino is Victor's wife. The loan was evidenced by various loan documents including, but not limited to, a Loan and Security Agreement (the "Loan Agreement") and Promissory Note ("Note"), each dated January 23, 1998. Victor Sabatino personally guaranteed the repayment and performance of the loan obligations by signing a Continuing Unconditional Guaranty ("Guaranty") also dated January 23, 1998. Mr. Sabatino's obligations under the Guaranty are secured by a Collateral Assignment of Certificate Deposit ("CD Assignment") in the original principal amount of $500,000, dated January 5, 2000. The Loan Agreement, the Note, the Guaranty, and the CD Assignment all include forum selection clauses placing venue in the courts of Cook County, Illinois.

In order to induce LaSalle to advance additional sums under the Loan Agreement, the Sabatinos signed and delivered to LaSalle a Deed of Trust dated September 28, 1999. The deed of trust granted LaSalle a lien on the Sabatinos' real property located in Platte County, Missouri. While the deed does not contain a separate forum selection clause, Section I of the deed states, "The terms and provisions of the Note and the Loan Agreement are hereby incorporated by reference in this Deed of Trust." The forum selection clause in the Loan Agreement provides for exclusive venue in the courts of Cook County, Illinois, for all actions, "ARISING OUT OF OR FROM OR RELATED TO THIS AGREEMENT, THE OTHER AGREEMENTS, OR THE COLLATERAL...." The Loan Agreement defines "Other Agreements" as "all agreements, instruments and documents ... including without limitation, guaranties, *mortgages, trust deeds*, pledges, ... executed by or on behalf of Borrower [FSI] or any other Person." The term "Collateral" as defined by the Loan Agreement includes any real property of any Obligor *or any other Person* pledged to secure the repayment of the loan.

On February 14, 2000, FSI filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code. Then, on March 24, 2000, all or substantially all of FSI's assets were sold to Guys Acquisition Company, L.L.C. ("GAC"). The sale was subject to the Sale Order of the Bankruptcy Court. The Sale Order approved the Asset Purchase Agreement ("APA") between FSI and GAC dated March 20, 2000. The APA provided that in exchange for all or substantially all of the assets of FSI, GAC would assume the total indebtedness owed

by FSI to LaSalle under the Loan Agreement and pay $1,700,000 to be held in escrow.

On July 6, 2000, Victor Sabatino filed a cross-claim against LaSalle in litigation commenced against Victor Sabatino and LaSalle in the Bankruptcy Court. In his cross-claim, Victor Sabatino alleged the Sabatinos' obligations under the deed of trust were released and that Victor Sabatino's obligations under his Guaranty and the CD Assignment were released. LaSalle filed a motion to dismiss the cross-claim, and the Bankruptcy Court held a hearing on LaSalle's motion. After the hearing, but prior to the Bankruptcy Court entering an order on the motion, Victor Sabatino dismissed his cross-claim.

On September 1, 2000, the Sabatinos filed a lawsuit against LaSalle in the Circuit Court of Jackson County, Missouri, seeking: (1) discharge of all liability of Victor Sabatino under the Guaranty; (2) an order directing LaSalle to release the Guaranty and all property securing the Guaranty; (3) to extinguish all liability of the Sabatinos under the deed of trust; (4) an order directing LaSalle to release the deed of trust; and (5) a judgment that the debt of FSI to LaSalle has been released, satisfied, and/or extinguished, that the property listed on the deed of trust is no longer encumbered by the deed of trust, and that the deed of trust no longer functions as security for any debt owed to LaSalle. On March 6, 2001, the Jackson County court transferred the case to the Circuit Court of Platte County, Missouri. LaSalle then filed a motion to dismiss with the Platte County court. Following a hearing on the motion to dismiss, Platte County entered its Order of Dismissal of the Sabatinos' lawsuit on October 3, 2001. The Sabatinos appealed to this court, challenging the dismissal.

### Standard of Review

When reviewing a motion to dismiss, this court will treat all facts alleged as true and give the non-moving party the benefit of all reasonable inferences deduced from the facts. *Evergreen Nat'l Corp. v. Killian Constr. Co.*, 876 S.W.2d 633, 635 (Mo. App.W.D.1994). When the motion to dismiss is one for improper venue relating to a forum selection clause, it should be treated as an issue of jurisdiction. *Scott v. Tutor Time Child Care Sys., Inc.*, 33 S.W.3d 679, 682 (Mo.App. W.D.2000). Whether jurisdiction exists is a question of law; therefore, the appellate court reviews the issue independently on appeal. *Farris v. Boyke*, 936 S.W.2d 197, 200 (Mo.App. S.D.1996).

### Enforceability of Forum Selection Clauses

The Sabatinos argue the forum selection clauses contained in the loan contracts are unenforceable because an outbound forum selection clause (one providing for trial outside of Missouri) cannot deprive a Missouri circuit court of its jurisdiction, which is conferred upon it by Article V, § 14(a) of the Missouri Constitution. The U.S. Supreme Court dismissed a similar argument in *M/S Bremen v. Zapata Off-Shore Co.* stating, "The argument that [forum selection] clauses are improper because they tend to 'oust' a court of jurisdiction is hardly more than a vestigial legal fiction." 407 U.S. 1, 12, 92 S.Ct. 1907, 1914, 32 L.Ed.2d 513 (1972). The Missouri Supreme Court has embraced this Rule. After *High Life Sales Co. v. Brown-Forman Corp.*, Missouri courts can no longer refuse to enforce forum selection clauses that provide an action on a contract shall be brought outside Missouri on the grounds that such a clause is against public policy and per se void. 823 S.W.2d 493, 494 (Mo. banc 1992). Our Missouri Su-

preme Court in *High Life* adopted the majority rule that an outbound forum selection clause should be enforced unless it would be unfair or unreasonable to do so. *Id.* Thus, the previous distinction between the enforceability of outbound and inbound (one providing for trial in Missouri) forum selection clauses was eliminated.

■ The party resisting enforcement of a forum selection clause bears a heavy burden in persuading the court that the clause is unfair or unreasonable. *Chase Third Century Leasing Co. v. Williams*, 782 S.W.2d 408, 411 (Mo.App. W.D.1989). In order to prove a forum selection clause is unfair, a party must do more than simply assert lack of bargaining power. *Id.* at 412. The Sabatinos have not alleged any facts tending to show the contracts at issue are in any way "adhesive" or that the contracts were not freely entered into in an arm's length transaction.

More specifically, the Sabatinos further argue it would be unreasonable to enforce the forum selection clauses for the following reasons: (1) § 508.030 RSMo (2000) applies; therefore, any action on the deed of trust can be properly brought only in Platte County; (2) Kathryn Sabatino is not a party to any of the forum selection clauses; and (3) as the portion of the lawsuit involving the deed of trust must be brought in Platte County, forcing Victor Sabatino to litigate the remaining issues in Cook County would violate the public policy favoring resolution of all related claims in a single forum.

For the reasons given below, we find the Sabatinos did not meet their heavy burden of demonstrating the enforcement of the forum selection clauses would be either unfair or unreasonable. We, therefore, affirm the trial court's dismissal of the Sabatinos' petition on the basis of the forum selection clauses contained in the various loan documents granting exclusive jurisdiction and venue to courts located in Cook County, Illinois.

## Application of § 508.030

■ The Sabatinos contend it would be unreasonable to enforce the forum selection clauses because their action seeking release from the deed of trust affects title to real estate and, therefore, must be brought in Platte County in accordance with § 508.030. Section 508.030 provides:

> Suits for the possession of real estate, or whereby the title thereto may be affected ... shall be brought in the county where such real estate, or some part thereof, is situated.

■ This court in *Dickenson Manor, Inc. v. Slagle*, noted that the phrase "whereby the title may be affected" in § 508.030 has been held to mean the judgment must operate directly upon the title to the real estate. 732 S.W.2d 263, 265 (Mo.App.W.D.1987). In order for "title to be affected" so as to predicate venue in the county where the land is located, title to the land must be the subject of the controversy. It is not enough for the judgment to affect the title incidentally or collaterally. *State ex rel. S. Mo. Pine Lumber Co. v. Dearing*, 180 Mo. 53, 79 S.W. 454, 457 (1904) (holding that a prayer for relief from promissory notes and an injunction against foreclosure under the deed of trust securing the notes did not subject the case to the mandatory venue provisions of 564, R.S. 1899, a predecessor to current § 508.030, because the action was not one whereby title to real estate may be "affected," as provided for in that statute).

Regardless of the outcome of the current case, the Sabatinos will still own the real estate. The only question is whether or not LaSalle will maintain its lien on the property. Accordingly, the subject matter of the Sabatinos' action is not the title to

the land, but whether FSI's debt to La-Salle has been paid, thereby releasing the Sabatinos from their obligations under the deed of trust.

In their briefs, both the Sabatinos and LaSalle cite *State ex rel. Maxwell Investment Co. v. Huck*, 240 S.W. 236 (Mo. banc 1922). The original plaintiffs in *Huck* sought to restrain foreclosure under a deed of trust, alleging that if proper credits had been given for payments made, the plaintiffs would not be in default under the deed. *Id.* at 238. Judge Huck, the circuit judge for St. Francois County, found the court had subject-matter jurisdiction under a predecessor of § 508.030, because title to the land would be affected and the land in question was situated in St. Francois County. The *Huck* court held § 508.030's predecessor did not grant subject-matter jurisdiction to the St. Francois County court, determining title to the land would not be "affected" by the outcome of the case within the meaning of the statute. *Id.* at 241.

The Sabatinos argue the following italicized aside by the *Huck* court supports their petition, "In the case at bar, the validity of the deeds of trust is not questioned, *nor even contended that they, or either of them has been paid off or satisfied.* ..." *Id.* at 241. A complete reading of the case shows that the *Huck* court did not base its decision on whether the plaintiffs were claiming partial payment of a debt, as in *Huck*, or full payment of a debt, as in the current proceeding. The court focused on the subject matter of the case being the underlying debt not the ownership of the land in question, thereby removing it from the realm of the venue statute.

In reaching its decision, the *Huck* court quoted from a line of older cases discussing whether or not title to real estate was involved in a controversy, thereby giving the Supreme Court appellate jurisdiction pursuant to the Missouri Constitution. While the constitutional provision requires that title to real estate be "involved" versus the statutory requirement that title be "affected," the analysis does not differ significantly. Courts deciding if title is "affected" in a particular case have looked to the constitutional jurisdiction cases for guidance. The same general principles can be distilled from both the cases discussing the constitutional provision and those discussing the statutory provision. If a controversy focuses on the ownership of the land, including questions regarding the validity of a deed of trust, then title to land is involved or affected. If the ultimate issue in a case concerns the underlying debt secured by a deed of trust, then land is not involved or affected.

The court in *Vandeventer v. Florida Savings Bank*, one of the cases quoted in *Huck*, analyzed whether title to real estate was "involved," thereby vesting appellate jurisdiction in the Missouri Supreme Court. 232 Mo. 618, 135 S.W. 23 (1911). The plaintiff in *Vandeventer* claimed the defendant did not acquire title to the promissory note at issue, that plaintiff had paid the note, and therefore, the lien on the deed of trust securing the note was extinguished. The parties conceded the deed of trust was valid, having been duly executed and timely recorded. The court saw the case as having two issues: (1) was the note secured by the deed of trust legally sold and transferred and (2) had the note been paid off and discharged, thereby extinguishing the lien created by the deed? *Id.* at 24. "Clearly, the determination of neither of those questions can or will *affect* the title to the real estate described." *Id.* (emphasis added). The *Vandeventer* court said the following:

> There is no question but that the land belongs to the plaintiffs, and that the

deed of trust is valid, and that it is in force if it has not been paid. The decree in this case cannot affect the title to the land; that is, there is no question of title to be decided. It is a mere question of whether or not certain acts constitute payments; it is a controversy over a debt claimed on the one side to have been paid, and on the other to still be owing. The land is only incidentally affected. This is not like the case where the validity of the deed of trust is attacked.

*Vandeventer*, 135 S.W. at 25 (quoting *Bonner v. Lisenby*, 157 Mo. 165, 57 S.W. 735, 736 (1900)).

The Sabatinos do not attack the validity of the deed of trust. Rather, they assert that through the sale of assets of FSI to GAC, the underlying debt to LaSalle was paid. Therefore, the Sabatinos should be relieved from their obligations under the deed of trust securing the loan to FSI. Basically, the Sabatinos want a judicial determination of their liability to LaSalle under the loan documents. That the debt is secured by real estate is only incidental.

The Sabatinos assert that simply because a suit seeks relief from an underlying debt does not mean that it also does not affect title to real estate. They cite *Howell v. Reynolds* as support for this proposition. 249 S.W.2d 381 (Mo.1952). In their brief, the Sabatinos argue the *Howell* court held that even though a circuit court has jurisdiction to cancel a note secured by a deed of trust no matter where the land is located, that same court is powerless to decree cancellation of the deed of trust itself unless the land is within the county where the court sits. However, this neglects some important facts that the court considered while making its decision. The plaintiffs in *Howell* sought cancellation of the deed of trust by attacking its validity, claiming fraud in the pro-

curement. *Howell*, 249 S.W.2d at 383. The *Howell* case follows Missouri precedent in holding that actions attacking the validity of a deed of trust do affect title to real estate under § 508.030. The current proceeding can be distinguished from *Howell* on the facts.

We find Missouri case law supports the conclusion that the Sabatinos' action does not call for a judgment that would directly affect the title to their real estate. Accordingly, Platte County does not have exclusive venue pursuant to § 508.030.

### Incorporation by Reference

■ The Sabatinos allege Mrs. Sabatino never consented to a forum selection clause; that she is not a party to a forum selection clause. Mrs. Sabatino signed only the deed of trust, which they assert does not contain such a clause. Section I of the deed of trust, as noted in the background section of this opinion, however, does state, "The terms and provisions of the Note and the Loan Agreement are hereby incorporated by reference in this Deed of Trust." This clause effectively incorporates by reference into the deed the terms of the Loan Agreement's forum selection clause. The forum selection clause and definitions in the referenced Loan Agreement, as previously outlined in this opinion, clearly indicate that any action brought on the deed of trust must proceed in the courts of Cook County, Illinois.

■ Missouri law recognizes and enforces incorporation clauses in contracts. "[M]atters incorporated into a contract by reference are as much a part of the contract as if they had been set out in the contract in haec verba." *Jim Carlson Constr., Inc. v. Bailey*, 769 S.W.2d 480, 481 (Mo.App. W.D.1989). The *Carlson* case involved the incorporation of a mandatory arbitration clause. We found no Missouri case law directly on point for the incorpo-

ration by reference of a forum selection clause, but other jurisdictions when faced with that issue have upheld forum selection clauses incorporated by blanket references to other agreements. *See Black & Veatch Constr., Inc. v. ABB Power Generation, Inc.*, 123 F.Supp.2d 569, 579 (D.Kan. 2000); *Kessmann & Assoc., Inc. v. Barton–Aschman Assoc., Inc.*, 10 F.Supp.2d 682, 691–92 (S.D.Tex.1997).

The Sabatinos claim incorporating the terms of the loan agreement into the deed of trust would create all types of "irreconcilable conflicts," but fail to indicate how incorporating the forum selection clause would cause any insurmountable conflicts or ambiguities. The deed of trust does not contain a separate, conflicting forum selection clause. We find the deed of trust does incorporate a forum selection clause, so that Mrs. Sabatino has consented to jurisdiction and venue in the courts of Cook County.

We need not address the Sabatinos' third policy argument that enforcing the forum selection clauses would split related claims creating the risk of duplication of effort and inconsistent results. All the claims may be adjudicated in a single suit in Cook County because Mrs. Sabatino is a party to the deed of trust's forum selection clause.

We hold the forum selection clauses at issue are neither unfair nor unreasonable and, therefore, are enforceable under Missouri law.

The judgment is affirmed.

BRECKENRIDGE, P.J., and HOLLIGER, J., concur.